C. O. KENNERLY, ADMINISTRATOR OF THE ESTATE OF AARON A. WILLIS, DECEASED, v. TOWN OF DALLAS.

(Filed 3 May, 1939.)

**1. Municipal Corporations § 13b—**

It must clearly appear upon the face of the complaint that the alleged negligence of the officers and employees of a municipality was committed by them in doing an act or conducting a business wholly *ultra vires* the municipality in order to sustain the municipality's demurrer on the plea of *ultra vires.*

**2. Pleadings § 18—**

A defect complained of must appear upon the face of the complaint in order to be demurrable.

**3. Municipal Corporations § 5—**

A municipal corporation has the powers expressly granted in its charter, special and general statutes, and the organic law, and those powers necessarily and fairly implied in or incident thereto, and those essential and indispensable to the accomplishment of the declared objects of the corporation.

**4. Same: Municipal Corporations § 13b—Maintenance of electric power lines outside its limits is not necessarily ultra vires the municipality.**

A municipality has the power to purchase, generate, or distribute electricity for its own use and the use of its inhabitants, and is given legislative authority to extend its lines beyond its corporate limits for the purpose of selling electricity to nonresidents, C. S., 2807, 2808, and therefore a complaint in an action against a municipality alleging injury from negligent maintenance of power lines outside the corporate limits is not demurrable on the ground that the alleged negligence of its officers and employees was *ultra vires* the city. *Williamson v. High Point*, 213 N. C., 96, cited and distinguished in that the municipality in that case was proceeding under the Revenue Bond Act of 1935, which contains restrictions not incorporated in the general law.

**5. Municipal Corporations § 5—**

Chapter 136, Public Laws of 1917, as amended by chapter 285, Public Laws of 1929, conferring power upon municipalities to own and maintain electric power systems for the benefit of its inhabitants and those outside its limits desiring same where the service is available, is valid.

**6. Constitutional Law § 6a—**

The wisdom of permitting municipalities to engage in private and competitive business is for legislative determination, and the courts must construe the statutes embodying the legislative policy as they are written.

**7. Municipal Corporations § 17b: Electricity § 7—**

Complaint *held* sufficient to allege negligence in maintenance of power line in this action to recover for the wrongful death of intestate, who was killed when he came in contact with an uninsulated, heavily charged electric light wire.

APPEAL by defendant from *Gwyn, J.,* at January Civil Term, 1939, of GASTON. Affirmed.

This is a civil action to recover damages for the wrongful death of plaintiff's intestate, who was killed when he came in contact with an uninsulated electric light wire heavily charged with electricity. The wire with which the plaintiff's intestate came in contact was a part of a system of lines operated by the defendant outside of its corporate limits.

The defendant demurred to the amended complaint for that it fails to state facts sufficient to constitute a cause of action, in that: (1) The alleged conduct of the defendant in operating electric lines outside the corporate limits of the town and engaging in a private enterprise outside of the corporate limits as alleged in the complaint is *ultra vires,* and the defendant is not liable for any resulting damages; (2) the conduct of the defendant in engaging in the distribution of electricity for lighting and power purposes for the use and benefit of said town, its citizens and customers is *ultra vires* and fails to show that the purchase of such lines outside its corporate limits was necessary to the promotion

of the welfare of its citizens, or for the use and benefit of the citizens; (3) there is no legal liability upon the defendant nor any legal duty which it owed to the plaintiff's intestate growing out of and arising from the things and matters set forth in the amended complaint; and (4) that if the defendant owed any legal duty to the plaintiff's intestate under the facts set forth in the amended complaint, then the same fails to contain sufficient allegations of negligence or wrongful acts on the part of the defendant that would be sufficient to constitute a cause of action.

The court below entered an order overruling the demurrer, and the defendant excepted and appealed.

*Claudius D. Holland and Emery B. Denny for plaintiff, appellee.*
*Paul E. Monroe and Cherry & Hollowell for defendant, appellant.*

BARNHILL, J. This appeal presents two questions for determination: (1) Is the maintenance and operation by the defendant of electric light lines wholly outside of its corporate limits, for distribution of electric current to nonresident customers *ultra vires;* and, (2) does the complaint sufficiently allege acts of negligence on the part of the defendant proximately causing the death of plaintiff's intestate?

Notwithstanding the fact that no legal liability is imposed upon the defendant by reason of the negligent conduct of its officers and employees in committing an act or conducting a business that is wholly *ultra vires,* the complaint is not demurrable unless the *ultra vires* nature of the acts and conduct complained of clearly appear upon the face of the complaint. *Madry v. Scotland Neck,* 214 N. C., 461. A demurrer challenges the sufficiency of the complaint and the defect therein complained of must appear upon the face of the complaint.

A municipality is a creature of the Legislature and it can only exercise (1) the powers granted in express terms; (2) those necessarily or fairly implied in, or incident to, the powers expressly granted; and (3) those essential to the accomplishment of the declared objects of the corporation—not simply convenient, but only those which are indispensable, to the accomplishment of the declared objects of the corporation. *Madry v. Scotland Neck, supra; Asheville v. Herbert,* 190 N. C., 732, 130 S. E., 861; *S. v. Gulledge,* 208 N. C., 204, 179 S. E., 883. 1 Dillon (5 Ed.), sec. 237. The sources of its powers are its charter, special acts, general statutes, and the organic law. 1 McQuillin (2 Ed.), 363. *Holmes v. Fayetteville,* 197 N. C., 740, 150 S. E., 624.

The plaintiff alleges: "3. That at the time of the grievances hereinafter complained of, the defendant was engaged in the distribution of electricity for lighting and power purposes for 'the use and benefit

of said town, its citizens and customers,' and that on or about May 1, 1938, said defendant purchased additional light lines, poles, transformers, meters, and other electrical apparatus, fixtures, and equipment from Bessie A. Craig and her husband, Robert O. Craig, which electric lines extended from the town of Dallas towards the town of Stanley; from the town of Dallas toward the village of High Shoals; from the town of Dallas toward the village of Hardin; and from the town of Dallas toward the town of Cherryville, North Carolina; and at the time and times hereinafter mentioned, the governing authorities of the town of Dallas caused to be operated on behalf and for the benefit of the town of Dallas, its electric light and power system, including the lines, equipment, and apparatus purchased from the said Bessie A. Craig and her husband, Robert O. Craig, hereinbefore referred to."

If the defendant in no event is authorized to maintain and operate electric lines located outside of its corporate limits for the distribution of electric current to customers residing outside of its corporate limits, the alleged acts of the defendant in so doing is *ultra vires* and no liability attaches to the town for injuries received as a proximate result of the negligent maintenance and operation of such lines. If the defendant has the authority to maintain and operate an electric light system for "the use and benefit of said town, its citizens and customers," then it does not appear upon the face of the complaint, and the plaintiff's allegations do not disclose, that the defendant was exceeding its authority. The question, then, to be determined on the plea of *ultra vires* is: May a municipality maintain and operate an electric light system for the distribution of electricity for lighting and power purposes for "the use and benefit of said town, its citizens and customers," and, in so doing, acquire, maintain and operate additional light lines, poles, transformers and other necessary equipment located entirely outside of its corporate limits for the purpose of serving customers who are not residents of the defendant town?

The Legislature by chapter 136, Public Laws 1917, C. S., 2807, conferred upon the municipalities of the State the power to own and maintain light and waterworks systems, to furnish water for fire and other purposes and light to the city and its citizens. This act was amended in 1929 and the further power was conferred upon municipalities to furnish light "to any person, firm or corporation desiring the same outside the corporate limits, where the service is available." Ch. 285, sec. 1, Public Laws 1929. The amendatory act of 1929, by sec. 2 thereof, as an amendment to C. S., 2808, further provided "that for service supplied outside the corporate limits of the city, the governing body, board or body having such waterworks or lighting system in charge, may fix a different rate from that charged within the corporate limits."

There can be no question as to the defendant's right to purchase, or to generate and distribute, electricity for its own use and for the use of its inhabitants. It is equally clear that without legislative authority the defendant would not be permitted to extend its lines beyond the corporate limits for the purpose of selling electricity to nonresidents of the city. It is likewise clear that the cited statutes authorize a municipality to furnish light, not only to its citizens, but "to any person, firm or corporation desiring the same outside the corporate limits where the service is available."

The act of 1917, as amended by the act of 1929, is a valid exercise of legislative authority. *Holmes v. Fayetteville, supra.* The wisdom of a policy which permits municipalities to engage in enterprises which are private and competitive in nature is for the determination of the legislative branch of the Government. We only interpret the law as it is written.

It does not appear upon the face of the complaint from the allegations therein contained that the defendant is exceeding the authority thus conferred upon it. The demurrer cannot be sustained for the reason that the acts and conduct of the defendant, as set out in the complaint in paragraph 3, are *ultra vires.*

This conclusion is not in conflict with the opinion in *Williamson v. High Point,* 213 N. C., 96, 195 S. E., 90, relied on by the defendant. The facts in that case disclosed that the city of High Point was proposing to issue and sell bonds under the provisions of ch. 473, Public Laws 1935, known as "The Revenue Bond Act of One Thousand Nine Hundred and Thirty-Five," for the purpose of constructing a municipal power plant to be located outside of its corporate limits, with transmission lines running through three counties, that would generate more than three times the amount of electricity then used by the entire city, and that the purpose of the project was to engage in the power business generally and to sell electricity to municipalities, industries and individuals generally. The act under which High Point was attempting to proceed expressly provides in section 3 thereof, that: "No municipality shall operate such undertaking primarily for profit, but shall operate such undertaking for the use and benefit of the consumers served by such undertaking and for the promotion of the welfare and for the improvement of the health and safety of the inhabitants of the municipality." Thus, it appears that a municipality proceeding under the Revenue Bond Act of 1935 was subject to restrictions not contained in the general law. It further appears that the 1935 act did not repeal or modify the general law theretofore in force, for it is expressly provided in section 13 thereof that "the powers conferred by this act shall be in addition and supplemental to the powers conferred by any other general,

special or local law." There, High Point was proceeding under a statute which contained restrictions not incorporated in the general law under which the defendant is acting.

We have carefully examined the allegations of negligence contained in plaintiff's complaint. We are convinced that negligence is sufficiently alleged. The defects the defendant seeks to point out therein are evidentiary matters to be developed by the testimony. As the case goes back for trial before a jury we refrain from any detailed discussion thereof.

The judgment below is

Affirmed.