JOSEPH B. CHESHIRE, JR., TRUSTEE UNDER THE WILL OF LAURA F. COSBY, v. FIRST PRESBYTERIAN CHURCH OF RALEIGH; PRESBYTERIAN ORPHANS' HOME, AND EDWIN F. HARTSHORN, ADMINISTRATOR OF B. H. COSBY.

(Filed 19 November, 1941.)

**1. Pleadings § 20—**

A demurrer admits the facts alleged in the complaint.

**2. Same: Executors and Administrators § 26—When incapacity of plaintiff to sue does not appear from complaint, demurrer on this ground is bad.**

This action was instituted by a trustee alleging the termination of the trust and praying that his final account be settled under orders of the court and that he be discharged. Plaintiff alleged that he was the duly appointed, qualified and acting trustee under the will. The administrator of one of the beneficiaries named in the will filed demurrer contending that the plaintiff did not have the capacity to sue in that the will appointed an executor and contained no authority for the appointment of a trustee. *Held:* Since the word "duly" means according to legal requirements, and the demurrer admitted plaintiff's allegation that he was the duly appointed, qualified and acting trustee, the question of the capacity of the plaintiff to sue cannot be raised by demurrer, no defect or incapacity of plaintiff to sue appearing upon the face of the complaint. C. S., 517.

APPEAL by plaintiff from *Bone, J.,* at June Term, 1941, of WAKE. Reversed.

This was an action instituted by plaintiff as trustee under the will of Laura F. Cosby for settlement of the estate. The defendant Hartshorn, administrator of B. H. Cosby, one of the beneficiaries named in the will, filed demurrer on the ground that the plaintiff did not have legal capacity

to sue, and that there was a defect of parties plaintiff. The demurrer also raised the question of jurisdiction, and the sufficiency of the facts alleged to constitute a cause of action. The other defendants, who are ultimate beneficiaries, did not join in the demurrer.

The demurrer was sustained, and plaintiff appealed.

*Paul F. Smith for plaintiff, appellant.*
*James I. Mason for defendant, appellee.*

DEVIN, J. The plaintiff alleged in his complaint that "he is the duly appointed, qualified and acting trustee under the will of Laura F. Cosby, deceased." A copy of the will, dated 3 March, 1917, was attached. From this it appeared that the testatrix appointed W. N. Jones executor, and that a trust was created for the benefit of B. H. Cosby during his natural life. B. H. Cosby died 14 November, 1940, and defendant Hartshorn is administrator of his estate.

It was further alleged that the plaintiff "and his predecessors as trustee, namely, William Bailey Jones and W. N. Jones, have filed annual accounts of their transactions as trustee" in the Superior Court and the accounts have been approved; that the trust created by the will terminated upon the death of B. H. Cosby, and the plaintiff as trustee is filing his final account, with prayer that it be settled under orders of the court, and that he be discharged.

The demurrer challenges the sufficiency of the proceeding, principally, upon the ground that the plaintiff does not have capacity to sue, and that there is a defect of parties plaintiff. This is based upon the view that it appears from the will, a copy of which is attached to the complaint, that an executor was named, and that if the executor has died, or is incapable of acting, an administrator *cum testamento annexo* should have been appointed to carry out the provisions of the will, and that no authority appears for the appointment of a trustee.

But the complaint alleges that plaintiff is "the duly appointed, qualified and acting trustee." The demurrer admits that fact. *Adams v. Cleve*, 218 N. C., 302, 10 S. E. (2d), 911. The word "duly" has a definite significance in the language of the law. It means "according to legal requirements." Black's Law Dictionary. It "implies the existence of every fact essential to perfect regularity of procedure." 19 C. J., 833. "The word 'duly' means in a proper way, or regularly, or according to law." *Robertson v. Perkins*, 129 U. S., 233.

No defect of parties plaintiff or incapacity to sue appears on the face of the complaint. Hence, the objection must be taken by answer. C. S., 517; *Lunn v. Shermer*, 93 N. C., 164; *Allen v. Salley*, 179 N. C., 147, 101 S. E., 545; *S. v. Gant*, 201 N. C., 211, 159 S. E., 427. The demurrer

on the ground that the complaint did not state facts sufficient to constitute a cause of action, or that the court did not have jurisdiction, cannot be sustained.

Several interesting questions were debated on the argument and discussed in the briefs, but these are not raised by the demurrer, and properly should be presented by pleadings wherein all the facts may be made to appear, and plenary judgment rendered thereon.

The judgment sustaining the demurrer is

Reversed.