**WOOLDRIDGE MANUFACTURING COMPANY, Appellant,**

**v.**

**UNITED STATES of America and The Caterpillar Tractor Company, Appellees.**

**No. 12992.**

United States Court of Appeals District of Columbia Circuit.

Argued April 11, 1956.

Decided April 26, 1956.

———◆———

Mr. Peyton Ford, Washington, D. C., for appellant. Messrs. O. P. Easterwood, Jr., and Arthur A. Birney, Washington, D. C., were on the brief for appellant.

Mr. Alan S. Rosenthal, Attorney, Department of Justice, with whom Mr. Leo A. Rover, U. S. Atty. at the time the record was filed, and Mr. Paul A. Sweeney, Attorney, Department of Justice, were on the brief, for appellee United States.

Mr. Alexander M. Heron, Washington, D. C., with whom Messrs. Preston C. King, Jr., and Dickson R. Loos, Washing-

**514**

ton, D. C., were on the brief, for appellee The Caterpillar Tractor Co.

Before PRETTYMAN, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

Appellant Wooldridge Manufacturing Company brought a civil action against the United States and The Caterpillar Tractor Company for an accounting and damages. The District Court dismissed the complaint. The Chicago Procurement Office of the Army Corps of Engineers, after invitations to bid, awarded to Caterpillar a contract for tractors and scrapers. Wooldridge was also a bidder. Later the Comptroller General of the United States ruled that the award was improperly made, and the contract was cancelled. By the time it was cancelled, however, it had been approximately ninety per cent performed. In its complaint Wooldridge said the Chief of Engineers, U. S. Army, negligently delayed (from July 10, 1953, until October 2, 1953) a report requested of him by the Comptroller General; and it said that, as a result of the failure of the United States Government to furnish intelligible regulations to guide the contracting officer, that officer negligently, tortiously and illegally entered into the contract with Caterpillar.

The complaint sounded in tort and was brought under the Federal Tort Claims Act.[1] No tortious act was alleged as against Caterpillar.

One of the essential elements of a cause of action in negligence is that the conduct complained of invaded some interest of the plaintiff which, by virtue either of statute or of the common law, is entitled to protection as against the de-fendant.[2] Otherwise expressed, the rule is that the plaintiff must allege facts which show that the defendant breached some legally imposed duty owed to the plaintiff.[3] The Federal Tort Claims Act provides that the Government shall be liable under circumstances where it, if a private person, would be liable. We think the complaint in the case at bar did not allege facts constituting a tort, because it failed to show that any legally protected right belonging to the plaintiff was invaded. The judgment of the District Court will be

Affirmed.

1. 62 Stat. 933 (1948), as amended, 28 U.S.C. § 1346(b).

2. 2 Restatement, Torts, § 281 (1934).

3. See Bowles v. Mahoney, D.C.Cir., 1952, 91 U.S.App.D.C. 155, 158, 202 F.2d 320, 323, certiorari denied, 1953, 344 U.S. 935, 73 S.Ct. 505, 97 L.Ed. 719; Southwestern Gas & Electric Co. v. Brown, 8 Cir., 1952, 197 F.2d 848, 853; Heald v. Milburn, 7 Cir., 1942, 125 F.2d 8, 11, cer-tiorari denied, 1942, 316 U.S. 681, 62 S. Ct. 1267, 86 L.Ed. 1754; Schmidt v. United States, 10 Cir., 1950, 179 F.2d 724, 726, certiorari denied, 1950, 339 U.S. 986, 70 S.Ct. 1007, 94 L.Ed. 1388; States S. S. Co. v. Rothschild International Steve. Co., 9 Cir., 1953, 205 F.2d 253, 256; Union Carbide & Carbon Corp. v. Peters, 4 Cir., 1953, 206 F.2d 366, 370; Franceschi v. De Tord, 1 Cir., 1934, 71 F.2d 95, 98–99.