Mella Alvina HOOVER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 5724.

United States Court of Appeals
Tenth Circuit.

Feb. 21, 1958.

Writ of Certiorari Denied May 19, 1958.

See 78 S.Ct. 997.

Mrs. Mella Alvina Hoover, pro se, for appellant.

H. Dale Cook, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, PICKETT, Circuit Judge, and RICE, District Judge.

PER CURIAM.

Mella Alvina Hoover instituted this action against the United States to recover judgment in the sum of $15,000,-000. The United States moved to dismiss the action for lack of jurisdiction of the court to entertain it and for failure of the complaint to state a cause of action upon which relief could be granted. The court entered judgment dismissing the action and plaintiff appealed.

Obviously drawn without the aid of counsel, the complaint and an exhibit attached thereto in the nature of a biographical sketch and diary are prolix and unclear in respect to whether recovery is sought for the violation of plaintiff's civil rights, for recovery under the Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, or for recovery otherwise. The substance of the complaint is that plaintiff suffered dizzy spells after eating at certain restaurants or cafeterias; that she believed poison had been put in her food; that agents of the Federal Bureau of Investigation inquired of her whether she had made statements about Jews; that she went to Washington for the purpose of conferring with the Attorney General and the Director of the Federal Bureau of Investigation concerning cer-

tain grievances or wrongs which she conceived had been done to her and obtaining advice with respect to her rights and remedies; and that the desired interviews were not granted her. The extended exhibit attached to the complaint details numerous incidents or occurrences of which plaintiff feels aggrieved. But it fails completely to allege or disclose that the United States or any of its agents or servants perpetrated the wrongs. It is clear without further elaboration that the complaint, standing alone or considered in connection with the exhibit, completely fails to state a cause of action against the United States of which the court had jurisdiction.

The judgment is affirmed.