BEVERLYAN TURNER, BY HER NEXT FRIEND, S. B. TURNER v. GASTONIA CITY BOARD OF EDUCATION AND NORTH CAROLINA STATE BOARD OF EDUCATION.

(Filed 12 June, 1959.)

**1. State § 3a—**

While formal pleadings are not required in a proceeding under the State Tort Claims Act, the jurisdiction of the Industrial Commission must be invoked by affidavit in duplicate setting forth facts sufficient to identify the employee whose alleged negligent act caused the injury and a brief statement of the facts constituting the basis of the claim. G.S. 143-291, G.S. 143-297.

**2. Pleadings § 15—**

A demurrer is apposite in any kind of judicial proceeding to raise the question whether, admitting the facts alleged to be true, the proceeding can be maintained.

**3. State § 3a—**

A claim under the State Tort Claims Act may be challenged by demurrer.

**4. Same—**

Where claim under the State Tort Claims Act is filed against both a City Board of Education and the State Board of Education, demurrer thereto cannot be sustained if the proceeding can be maintained against either of respondents.

**5. Appeal and Error § 16—**

*Certiorari* granted by the Supreme Court brings the entire record up and extends the scope of review to all questions of jurisdiction, power, and authority of the inferior tribunal to do the action complained of.

**6. Schools 4b—**

In proceedings to recover for injury to a school pupil resulting from the alleged negligence of an employee while operating a power mower on the school ground in the course of his employment, the demurrer of the City Board of Education is properly sustained when the injury occurred prior to the effective date of Chapter 1256, Session Laws of 1955, since the City Board was then clothed with governmental immunity. The statute lifting the governmental immunity of such local boards for such injuries, has prospective effect only and waives governmental immunity only on condition and to the extent that the local board has obtained liability insurance.

**7. Same—**

Local boards of education are given general control and supervision of all matters pertaining to the public schools in their respective units except such as the law assigns to the State Board of Education or other authorized agency, G.S. 115-54, G.S. 115-8, and local boards have authority to select, hire, direct and supervise employees to care for school buildings and grounds within their respective units, and an employee engaged to perform such duties and paid by a City Board of Education is an employee of the City Board and not the State Board of Education.

**8. State § 3b—**

A person employed by a City Board of Education to do maintenance work on the city school grounds is not an employee of the State, and demurrer of the State Board of Education is properly sustained in proceedings against it under the State Tort Claims Act to recover for the negligence of such employee in the discharge of his duties.

**9. Statutes § 5a—**

Where a statute employs words of general enumeration following those of specific classification, the general words will be interpreted to fall within the same category as those specifically enumerated under the maxim *ejusdem generis*.

PARKER, J., dissenting.

On *certiorari* to review a judgment of *Fountain, S. J.,* August, 1958 Civil Term, GASTON Superior Court.

On September 12, 1956, Beverlyan Turner, by her Next Friend, instituted this proceeding before the North Carolina Industrial Commission by filing a verified claim for damages against the Gastonia City Board of Education and the North Carolina State Board of Education. In addition to the claimant's name and address, the claim contained the following:

"3. That he hereby files a claim against Gastonia City Board of Education for damages resulting from the negligence of Houston D. Tolbert.

"4. That he has been damaged in the amount of $10,000.00 by reason of the negligent conduct of the employee or agent named above.

"5. That the injury giving rise to this claim occurred at Gaston County, in front of entrance to Abernathy School on W. Second Avenue in Gastonia, N. C. on May 11, 1955 at 9:00 a.m.

"6. That the injury or property damage occurred in the following manner:

"That said injury occurred to the claimant's daughter when she was proceeding up the cement walkway leading into the said school when she was struck on her left ankle by a heavy cable; said cable striking the claimant's daughter so severely as to break her left ankle and do serious and permanent injury to the bones, muscle and nerve tissues in her ankle.

"That the said cable struck the claimant's daughter as the result of the negligence of Houston D. Tolbert, who was operating a power lawn mower on the school yard and operated said machine in such a manner so as to strike a heavy steel cable with the blade of the said lawn mower and caused the said cable to be propelled with great force against the person of the claimant's daughter, Beverlyan Turner."

Paragraph 7 alleged that hospital and medical bills of $231.85 were incurred in treating the claimant's injury.

The Gastonia City Board of Education filed a demurrer upon two grounds:

"1. The claimant was a pupil in Abernathy Primary School, which is a unit of Gastonia Graded School District or Gastonia Administrative school unit, and while playing or being present upon the school grounds about May 11, 1955, she claims that her foot was injured by a wire thrown by a power mower which was being operated upon the school grounds by an employee of said defendant.

"2. Said defendant is informed and believes that the North Carolina Industrial Commission is without jurisdiction on the facts set forth in the preceding paragraph and that the laws of the State of North Carolina have made no provisions for liability of said defendant in such case."

The State Board of Education joined in the demurrer.

On hearing before the North Carolina Industrial Commission, the hearing commissioner sustained the demurrer and upon review by

the full commission his decision was affirmed. The claimant appealed to the superior court and, after hearing, Judge Fountain entered the following judgment:

"This cause coming on to be heard and being heard before the undersigned Judge presiding upon the demurrer of each defendant; and upon the hearing it is stipulated by the parties that Houston D. Tolbert was an employee of the Gastonia City Board of Education at the time that the injuries to Beverlyan Turner are alleged to have been sustained, and the only question raised by the appeal of the plaintiff from the North Carolina Utilities (sic) Commission is the same question presented to that Commission for determination as follows:

'Is an employee of a city board of education an agent of the State within the meaning of the State Tort Claims Act?'

"And the Court being of the opinion that each demurrer is well taken and should be allowed and that an employee of a city board of education is not an agent of the State within the meaning of the State Tort Claims Act, and plaintiff's counsel in open Court having stated that such question is the sole question presented for determination by plaintiff's appeal;

"IT IS NOW, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the demurrer of each defendant be and the same is hereby allowed, and the plaintiff's action is hereby dismissed at the cost of the plaintiff."

Our writ of *certiorari* brought the record here for review.

*L. B. Hollowell, Hugh W. Johnston for plaintiff, appellant.*

*Malcolm B. Seawell, Attorney General, Ralph Moody, Assistant Attorney General, Charles D. Barham, Bernard A. Harrell, Staff Attorneys for defendant State Board of Education, appellee.*

*Garland & Garland By: James B. Garland for defendant Gastonia City Board of Education, appellee.*

HIGGINS, J. The facts alleged and those which arise from them by fair implication disclose the claim resulted from an injury to Beverlyan Turner, a pupil, while she was in the act of entering one of the public schools of the City of Gastonia. The injury was caused by the negligent manner in which Houston D. Tolbert operated a lawnmower upon the school grounds. Houston D. Tolbert, at the time, was an employee of the Gastonia City Board of Education.

The claimant contended, as a matter of law: (1) That Houston D.

Tolbert, having been employed by the Gastonia City Board of Education to mow the school grounds, was, by reason of such employment, an employee of the North Carolina State Board of Education. (2) That claimant may recover from the State Board damages caused by the negligent act in a tort claim proceeding before the North Carolina Industrial Commission.

The first question presented is whether the City and State Boards of Education may challenge the claim by demurrer.

The North Carolina Industrial Commission is constituted a court by G.S. 143-291 to hear and pass "on tort claims against the State Board of Education, the State Highway & Public Works Commission, and all other departments, institutions, and agencies of the State."

The jurisdiction of the Commission is invoked by affidavit in duplicate setting forth certain facts which constitute the basis for the claim. G.S. 143-297; *Floyd v. State Highway Commission,* 241 N.C. 461, 85 S.E. 2d 703; *Alliance Co. v. State Hospital,* 241 N.C. 329, 85 S.E. 2d 386. Adherence to formal rules of pleading is not required but the claim should state facts sufficient to identify the agent or employee and a brief statement of the negligent act that caused the injury. Upon the filing of a claim, the duty devolves upon the Industrial Commission to conduct a hearing, find facts, state conclusions of law, and make an award based thereon. However, if the claim, upon its face, shows that the State department or agency sought to be charged is not liable, then the Commission may end the proceeding. It seems that a proper way to take advantage of the defect is by demurrer. "A demurrer is a form of pleading incident to every kind of judicial proceeding, and may be defined as an allegation that, admitting the facts of the preceding pleading to be true as stated, no cause is shown why demurrant should be compelled to proceed further." 71 C.J.S., "Pleadings," §211. See *Hoover v. U. S.* 253 Fed. 2d 266; *Wooldridge Mfg. Co. v. U. S.,* 235 Fed 2d 513. From the foregoing, we conclude that the respondents (boards of education) may challenge the claim by demurrer and have it dismissed if it shows upon its face, as a matter of law, that it cannot be maintained against either board.

The brief of the claimant, the briefs of the City and State Boards of Education, and the judgment entered in the court below state the question in the same words: "Is an employee of a city board of education an agent of the State within the meaning of the State Tort Claims Act?" However, the claim is filed against both the Gastonia City Board of Education and the State Board of Education. The judgment sustained the demurrer and dismissed the claim as to both.

The writ of *certiorari* brings the entire record up for review: " . . . Its *(certiorari)* office extends to the review of all questions of jurisdiction, power, and authority of the inferior tribunal to do the action complained of . . . " *Belk's Department Store v. Guilford County*, 222 N.C. 441, 23 S.E. 2d 897; *Chambers v. Board of Adjustment*, 250 N.C. 194. It is necessary, therefore, for us to review the judgment of the superior court as it relates to both the Gastonia City and the State Boards of Education.

Is the Gaston City Board of Education liable for the injury? Although at the time of the injury the city schools were operated by trustees, the City Board of Education has succeeded to their powers, duties, and liabilities and, if the trustees were liable, it appears the liability would devolve upon the city board.

The claimant contends that county and city boards of education are made corporate bodies by G.S. 115-27 (1957 Supplement), with power to sue and defend actions against them. G.S. 115-31. Their duties and powers are fixed by G.S. 115-35:

> "1. . . . It shall be the duty of county and city boards of education to provide an adequate school system within their respective administrative units, as directed by law."
>
> "2. . . . All powers and duties conferred and imposed by law respecting public schools, which are not expressly conferred and imposed upon some other official, are conferred and imposed upon county and city boards of education. Said boards of education shall have general control and supervision of all matters pertaining to the public schools in their respective units and they shall enforce the school law in their respective units."

G.S. 115-47 (1957 Supplement) provides: "It shall be the duty of every county and city board of education to provide for the prompt monthly payment of all salaries due teachers, other school officials and employees, all current bills and other necessary operating expenses."

By Chapter 1256, Session Laws of 1955, the General Assembly provided:

> "Any county or city board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his authority or within the course of his employment. Such immunity shall be deemed

to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort . . . "A county or city board of education may incur liability pursuant to this Act only with respect to a claim arising after such board of education has procured liability insurance pursuant to this Act and during the time when such insurance is in force."

The foregoing provisions became effective on May 25, 1955. The claimant's injury occurred on May 11, 1955. We must determine the liability as of the date the injury occurred. *Tucker v. Highway Commission*, 247 N.C. 171, 100 S.E. 2d 514. We conclude the Gastonia City Board of Education was not liable for the tort of its employee, Houston D. Tolbert, on May 11, 1955, because on that date the Board and its predecessors, the trustees, retained governmental immunity. The act lifting the immunity, in its nature, was not retroactive. The waiver was conditioned on the Board's obtaining liability insurance, which necessarily would be prospective in order to be within the period of coverage. We do not pass on the question whether, after obtaining insurance, a claim for damages for an employee's negligence may be maintained by a claim before the North Carolina Industrial Commission or whether by an action in the superior court.

At the time of claimant's injury, the county boards of education, by G.S. 115-54, 55, and 56, and the city boards, by G.S. 115-8, were given general control and supervision of all matters pertaining to the public schools in their respective units, except as to such matters as the law assigned to the State Board of Education or other authorized agency. The duty of selecting janitors was not so assigned and consequently remained with the local boards. See generally, *Kirby v. Board of Education*, 230 N.C. 619, 55 S.E. 2d 322; *Coggins v. Board of Education*, 223 N.C. 763, 28 S.E. 2d 527; *Key v. Board of Education*, 170 N.C. 123, 86 S.E. 1002. It would be unrealistic, indeed, to conclude the county boards of education and city trustees did not have the authority to select, hire, direct, and supervise those selected to care for the school buildings and grounds within their jurisdiction on May 11, 1955. Lack of such power would be entirely inconsistent with the duties assigned to these units both before and after the changes made by the Act effective May 25, 1955. That Act made no substantial change in the budgetary methods or in plant and grounds maintenance and management. *Coggins v. Board of Education, supra.*

The General Assembly created the State Board of Education and fixed its duties. It is an agency of the State with statewide application. The General Assembly likewise created the county and city

boards and fixed their duties which are altogether local. The Tort Claims Act, applicable to the State Board of Education and to the State departments and agencies, does not include local units such as county and city boards of education.

The parties admit that Houston D. Tolbert was employed by the Gastonia City Board of Education to do maintenance work on the city school grounds. Is he, thereby, an employee of the State? The question was not decided in *Adams v. Board of Education,* 248 N.C. 506, 103 S.E. 2d 854.

Tort claims may be filed before the Industrial Commission against "the State Board of Education, State Highway & Public Works Commission, and all other departments, institutions, and agencies of the State." Claims for tort liability are allowed only by virtue of the waiver of the State's immunity. *Floyd v. State Highway & Public Works Commission, supra.* Under the ordinary rules of construction, "departments, institutions, and agencies of the State" must be interpreted in connection with the preceding designation, "State Board of Education and State Highway & Public Works Commission." Where words of general enumeration follow those of specific classification, the general words will be interpreted to fall within the same category as those previously designated. The maxim *ejusdem generis* applies especially to the construction of legislative enactments. It is founded upon the obvious reason that if the legislative body had intended the general words to be used in their unrestricted sense the specific words would have been omitted. *Chambers v. Board of Adjustment,* 250 N. C. 195; 82 C.J.S., "Statutes," 661, 662. In no sense may we consider the Gastonia City Board of Education in the same category as the State Board of Education and the State Highway & Public Works Commission. For example, we may well consider the State Board of Agriculture, G.S. 106-2, the Board of Conservation and Development, G.S. 113-4, and the State Board of Public Welfare, G.S. 108-1, in the same general category as the State Board of Education and the State Highway & Public Works Commission. The Gastonia City Board of Education does not meet the classification. County and city boards of education serve very important, though purely local functions. The State contributes to the school fund, but the local boards select and hire the teachers, other employees and operating personnel. The local boards run the schools.

Claims have been allowed against the State Board of Education for torts committed by school bus drivers serving local schools. However, at the time, the busses were owned and operated by the State Board of Education. When the State board gave up the operation

and transferred the busses to the local boards, the Legislature provided (1957 Supplement, §115-181), upon such transfer that, "Neither the State nor the State Board of Education shall in any manner be liable . . . for any neglect or other action of any county or city board of education, or any employee of any such board, in the operation or maintenance of any school bus." The provision was made by reason of the fact that the State Board of Education had previously operated the busses, and upon the transfer of ownership and operation the State was disclaiming responsibility for negligent operations after the transfer. As a corollary to the Act withdrawing liability of the State Board of Education for negligent acts of school bus drivers, the General Assembly placed the financial responsibility for such act squarely on the county and city boards of education. G.S. 143-300.1. The section, effective July 1, 1955, amended the State Tort Claims Act by prescribing that claims against county and city boards for such injuries shall be heard by the North Carolina Industrial Commission under rules of liability and procedure as provided with respect to tort claims against the State Board of Education.

In this case the claim against the Gastonia School Trustees and their successors could not be maintained for an injury caused by a negligent employee on May 11, 1955, because of their governmental immunity. Likewise the claim could not be maintained against the State Board of Education for the reason that the employee of the Gastonia City School Trustees was not an employee of the State Board of Education. The claim here involved, upon its face, shows it cannot be maintained against either respondent. "If the cause of action, as stated . . . is inherently bad, why permit him to proceed further in the case, for if he proves everything that he alleges he must eventually fail in the action." *Ice Cream Co. v. Ice Cream Co.,* 238 N.C. 317, 77 S.E. 2d 910.

The judgment of the Superior Court of Gaston County sustaining the demurrer and dismissing the claim is

Affirmed.

PARKER, J., dissenting. This proceeding was heard upon a demurrer.

A demurrer lies only when the defect asserted as the ground of demurrer is apparent upon the face of the pleading attacked. *Construction Co. v. Electrical Workers Union,* 246 N.C. 481, 98 S.E. 2d 852; *Cheshire v. First Presbyterian Church,* 220 N.C. 393, 17 S.E. 2d 344; *Credit Corp. v. Satterfield,* 218 N.C. 298, 10 S.E. 2d 914; *Kennerly v. Town of Dallas,* 215 N.C. 532, 2 S.E. 2d 538; 41 Am. Jur., Pleading, § 208.

A demurrer which requires reference to facts not appearing on the

face of the pleading assailed is a "speaking demurrer," and is bad. *McDowell v. Blythe Bros. Co.*, 236 N.C. 396, 72 S.E. 2d 860. In that case the Court said: "The Court will not consider the supposed fact introduced by the 'speaking demurrer' in passing on the legal sufficiency of the facts alleged in the complaint."

The Supreme Court of Vermont said in *Vermont Hydro-Electric Corp. v. Dunn*, 95 Vt. 144, 112 A. 223, 12 A.L.R. 1495: "It has been held that a demurrer is not aided by facts not appearing in the pleadings, even though conceded at the hearing."

To drag in matters *dehors* the pleading assailed by a demurrer would be, in effect, an attempt to try the case on the merits by indirection and prematurely. "Since a demurrer is itself a critic, it ought to be free from imperfections." *McDowell v. Blythe Bros. Co., supra.*

The majority opinion states "Houston D. Tolbert, at the time, was an employee of the Gastonia City Board of Education." My study of claimant's affidavit filed pursuant to G.S. 143-297, and setting forth her claim does not show that Houston D. Tolbert was an employee of the Gastonia City Board of Education. The stipulation that he was such an employee is *dehors* claimant's affidavit. The demurrer is bad, and the lower court should have overruled it.

No formal pleadings are required in proceedings under our State Tort Claims Act. In order to invoke the jurisdiction of the Industrial Commission, the claimant, or the person in whose behalf the claim is made, is required by G.S. 143-297 to file with the Industrial Commission an affidavit in duplicate setting forth certain material facts. G.S. 143-297 does not require the use of legal and technical or formal language, and the claimant is not held to the strict rules of pleading applicable to common law actions. However, the claimant must have in his affidavit, among other things, "a brief statement of the facts and circumstances surrounding the injury and giving rise to the claim" showing that he is entitled to relief, though he need not go further in stating his claim than is required by the provisions of G.S. 143-297.

*Dioguardi v. Durning*, 139 F. 2d 774, is to the effect that a complaint under the Federal Tort Claims Act inartistically drawn by a layman must be closely scrutinized to determine if some claim can be found therein. I think the same principle applies to a complaint under our State Tort Claims Act.

The majority opinion states this proceeding was instituted by filing a verified claim for damages against the Gastonia City Board of Education and the North Carolina State Board of Education. The claim filed states that the injury to Beverlyan Turner resulted from the negligence of Houston D. Tolbert, the employee or agent above

named, but it doesn't state whether he was the employee or agent of the Gastonia City Board of Education or the North Carolina State Board of Education. In my opinion, the complaint is not so totally insufficient as to be overthrown by a demurrer.

Gastonia City Board of Education and the North Carolina State Board of Education contend that the Gastonia City Board of Education is not an agency of the State within the meaning of the State Tort Claims Act. They further contend that Houston D. Tolbert was employed by the local unit, paid by the local unit from local funds, controlled by the local unit as to the details of his work, and answerable to the local unit for the manner in which his work is performed. They further contend that the State Board of Education had no control over his selection or engagement as a janitor, no control over the work he performed, or when he performed it, and no control over the amount or manner of his compensation. The facts as to the employment of Houston D. Tolbert, as contended by Gastonia City Board of Education and the State Board of Education, do not appear in claimant's affidavit.

I would remand the proceeding to the Industrial Commission to determine whether Houston D. Tolbert is or is not an employee of the State within the meaning of the State Tort Claims Act. G.S. 143-291. When the Industrial Commission has heard the evidence, and found with particularity the facts in respect to his employment, and made its conclusion of law in respect thereto, then the Superior Court and this Court, if appeals are taken, can with safety and accuracy pass upon the question attempted to be presented by indirection and prematurely on this appeal by a demurrer, which was sustained not upon claimant's affidavit filed pursuant to G.S. 143-297, but upon a stipulation of the parties dehors claimant's affidavit.