BRYANT, Judge.
Where plaintiff filed a constitutional claim in Forsyth County Superior Court in an effort to defeat the exclusive jurisdiction of the Industrial Commission and where the complaint on its face is insufficient to state a cognizable constitutional claim, we must reverse the trial court's denial of defendant's motion to dismiss the complaint and all causes of action that are exclusively within the jurisdiction of the Industrial Commission.
On 15 December 2015, Odina Wesley and Norris Wesley, as co-administrators of the Estate of Hasani N'Namdi Wesley, deceased, plaintiff, filed a complaint and demand for jury trial against defendant Winston-Salem/Forsyth County Board of Education (Board of Education) in Forsyth County Superior Court.[1] The allegations of the complaint state that on 19 December 2012, at approximately 6:45 a.m., a school bus driver for defendant Board of Education stopped her school bus on the side of Highway 66, headed east. The school bus displayed blinking lights as it stopped. Previously, the school bus driver had advised her student passengers that if they did not meet the school bus the first time it stopped, the school bus would stop a second time on the other side of the road. The bus driver's first stop on Highway 66 did not require Hasani Wesley to cross the highway. But, on 19 December 2012, Hasani Wesley missed the bus driver's first stop and attempted to cross Highway 66 in order to board the school bus at the second stop. At that time, defendant Billy Roger Bailey was driving on Highway 66 in a southward direction at approximately 45 miles per hour. As he approached the area in question, Bailey was texting on his cell phone and did not stop or slow down prior to hitting Hasani. Hasani died as a result of the injuries he sustained. On 23 June 2014, defendant Bailey pled guilty to death by motor vehicle.
The allegations of the complaint against defendant Board of Education further state that on 19 December 2012, at 6:30 a.m., the area in question on Highway 66 was located in a curve that obscured the vision of approaching drivers; was not well lit between 6:30 and 7:20 a.m.; was subject to a 45 mile per hour speed limit; and was known to have heavy vehicular traffic. Plaintiff alleged that defendant Board of Education should have known of the traffic conditions at the school bus stop. Claiming causes of action based on negligence; negligent hiring, supervision, and employee retention; and a constitutional violation, plaintiff sought relief including compensatory damages in excess of $10,000.00 against defendants, jointly and severally, in Forsyth County Superior Court. Plaintiff alleged that defendant Board of Education waived its governmental immunity from liability for damages by securing liability insurance.
On 13 January 2015, defendant Board of Education filed a motion to dismiss plaintiff's complaint pursuant to Civil Procedure Rules 12(b)(1), (2), and (6).
The matter came on for a hearing on 9 February 2015, before the Honorable Patrice A. Hinnant, Judge presiding in Forsyth County Superior Court. In an order entered 16 February 2015, the trial court found that it had jurisdiction over the subject matter and the person of defendant Board of Education and that plaintiff stated a claim upon which relief could be granted. Thus, the court denied defendant's motion to dismiss.
On 27 February 2015, defendant Board of Education filed a Motion to Amend Judgment Pursuant to Rule 52 and Rule 59. Defendant moved the court to "amend the February 16, 2015 Order to include findings of fact and conclusions of law to allow meaningful appellate review of the decision to deny the Board's Motion to Dismiss Plaintiff's Complaint for lack of jurisdiction and failure to state a claim." On 8 April 2015, the court entered its Order Denying Defendant Board's Motion to Amend Judgment. Defendant Board of Education appeals the court's 16 February 2015 order denying defendant's motion to dismiss and the court's 8 April 2015 order denying defendant's Rule 52 and Rule 59 motion to amend the judgment.
_________________________
On appeal, defendant raises the following questions: whether the trial court erred by denying defendant's motion to dismiss plaintiff's complaint (I) for plaintiff's failure to raise a colorable constitutional claim; and (II) for lack of subject matter jurisdiction and personal jurisdiction. Alternatively, (III) defendant questions whether the trial court erred in denying defendant's Rule 59(e) motion to amend the judgment.
Before we reach the merits of defendant's primary argument, we consider whether defendant's appeal from the interlocutory order denying its motion to dismiss, pursuant to Rule 12(b)(6), is properly before this Court.
Interlocutory order
"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Veazey v. Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citation omitted). "Generally, there is no right of immediate appeal from interlocutory orders and judgments ." Goldston v. Am. Motors Corp., 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990).
Nevertheless, an interlocutory order may be reviewed on appeal when either (1) there has been a final determination as to one or more of the claims and the trial court certifies that there is no just reason to delay the appeal, or (2) delaying the appeal would prejudice a substantial right.
Estate of Gary Vaughn v. Pike Elec., LLC, 230 N.C.App. 485, 490, 751 S.E.2d 227, 231 (2013) (citation and quotations omitted), review denied, 367 N.C. 332, 755 S.E.2d 624-25 (2014) ; see also Meherrin Indian Tribe v. Lewis, 197 N.C.App. 380, 385, 677 S .E.2d 203, 207 (2009) ("An appellant bears the burden of demonstrating that an order will adversely affect a substantial right." (citation and quotations omitted)).
Here, the trial court entered an order denying a motion to dismiss the complaint and a subsequent order denying a motion to amend the dismissal order. There has been no final determination as to any claim, and the record does not reflect a certification by the trial court for immediate appeal. In support of its right to appellate review, defendant asserts that the denial of its motion to dismiss on the basis of sovereign immunity affects a substantial right that will be injured if review is delayed. Specifically, in defendant Board of Education's principal argument on appeal, defendant contends the trial court erred in denying its Rule 12(b)(6) motion to dismiss plaintiff's claim that defendant Board of Education violated plaintiff's rights under Article I, section 19 of the North Carolina State Constitution. See Petroleum Traders Corp. v. State, 190 N.C.App. 542, 545, 660 S.E.2d 662, 664 (2008) ( "Preliminarily, we note that although [the] Defendants' appeal is interlocutory, it is properly before us because orders denying dispositive motions grounded on the defense of governmental immunity are immediately reviewable as affecting a substantial right." (citation and quotations omitted)).
Therefore, we hold that defendant Board of Education's appeal from the trial court's denial of its Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is properly before this Court.
I
Defendant Board of Education argues that the trial court erred in failing to dismiss plaintiff's claim of a constitutional violation. Specifically, defendant contends that the trial court erred in denying defendant's Rule 12(b)(6) motion filed in response to plaintiff's claim as to a violation of constitutional rights protected under Article I, section 19 of the North Carolina State Constitution. We agree.
"On a Rule 12(b)(6) motion to dismiss, the question is whether, as a matter of law, the allegations of the complaint, treated as true, state a claim upon which relief can be granted." Wood v. Guilford Cnty., 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) (citation omitted).
Dismissal is proper, however, when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.
Hinson v. City of Greensboro, 232 N.C.App. 204, 208, 753 S.E.2d 822, 826 (quoting Newberne v. Dep't of Crime Control & Pub. Safety, 359 N.C. 782, 784, 618 S.E.2d 201, 204 (2005) ) (quotation marks omitted), petition for review withdrawn, 367 N.C. 516, 761 S.E.2d 648 (2014). "We review a trial court's order allowing a Rule 12(b)(6) motion to dismiss de novo." New Bar P'ship v. Martin, 221 N.C.App. 302, 306, 729 S.E.2d 675, 679-80 (2012) (citation omitted).
In his complaint, plaintiff asserted, inter alia, that defendant's negligence violated plaintiff's right to an "open and safe environment for education services" as codified within Article I, section 19 of our State Constitution.
In answer, defendant Board of Education filed a motion to dismiss which cited Doe v. Charlotte-Mecklenburg Bd. of Educ., 222 N.C.App. 359, 731 S.E.2d 245 (2012) (holding that while N.C. Const. art. I, § 19 guarantees both due process rights and equal protection under the law, it is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property).
In reply to defendant Board of Education's Rule 12(b)(6) motion to dismiss, plaintiff filed in the trial court a brief citing Craig v. New Hanover Cnty. Bd. of Educ., 363 N.C. 334, 678 S.E.2d 351 (2009). In Craig, our Supreme Court stated that " '[i]n the absence of an adequate state remedy, one whose state constitutional rights have been abridged has a direct claim against the State under our Constitution.' " 363 N.C. at 338, 678 S.E.2d at 354 (quoting Corum v. Univ. of N.C., 330 N.C. 761, 782, 413 S .E.2d 276, 289 (1992) ). Before the trial court, plaintiff contended that the statute which provided the Industrial Commission with jurisdiction "to hear some matters relating to the operation of school buses, did not encompass the claims plaintiff presented in his complaint," citing N.C.G.S. § 143-300.1 ("Claims against county and city boards of education for accidents involving school buses or school transportation service vehicles."). Thus, as the remedy available under State law was insufficient, plaintiff contended he was entitled to bring a claim for a violation of his constitutional rights.
In its motion to dismiss filed in the trial court and in its brief before this Court, defendant Board of Education argues that plaintiff does not have a colorable constitutional claim and, again, cites Doe, 222 N.C.App. 359, 731 S.E.2d 245.
In Doe, the plaintiff brought an action against the defendant Charlotte-Mecklenburg Board of Education, alleging claims of "negligent hiring, supervision, and retention; negligent infliction of emotional distress; and violation of [the] Plaintiff's rights to an education ... as guaranteed by N.C. Const. art. I, § 15 and N .C. Const. art. IX, § 1, and her right to obtain a safe education as guaranteed by N.C. Const. art. I, § 19." 222 N.C.App. at 361, 731 S.E.2d at 247. The Charlotte-Mecklenburg Board moved to dismiss the plaintiff's constitutional claims pursuant to Rule 12(b)(6). Id. at 362, 731 S.E.2d at 247. The trial court denied the motion. On appeal, this Court stated that the test under Rule 12(b)(6) required the determination of whether the plaintiff had presented valid constitutional claims. In her complaint, the plaintiff, a high school student, asserted that one of the high school teachers made sexual advances toward her and eventually engaged her in a sexual activity both on and off school grounds. Id. at 361, 731 S.E.2d at 247. The teacher was arrested, charged, and entered a plea of guilty to taking indecent liberties with a child. Id. As to the plaintiff's claims that her rights, codified under N.C. Const. art. I, § 15 and N.C. Const. art. IX, § 1, had been violated, the Doe Court made the following comment:
To date, we are not aware of any decision by either this Court or the Supreme Court which has extended the educational rights guaranteed by N.C. Const. art. I, § 15 and N.C. Const. art. IX, § 1, beyond matters that directly relate to the nature, extent, and quality of the educational opportunities made available to students in the public school system.
Id. at 370, 731 S.E.2d at 252-53. The Doe Court held that the complaint, on its face revealed an absence of facts sufficient to make a valid claim. Id. at 371, 731 S.E.2d at 253. As to the plaintiff's claim that the Charlotte-Mecklenburg Board of Education had " 'deprived' her of 'her liberty, interest and privilege in an education free from abuse or psychological harm' as guaranteed by N.C. Const. art. I, § 19,"
[Section 19] "guarantees both due process rights and equal protection under the law" and has been interpreted as being similar to the due process clause of the Fourteenth Amendment to the Federal Constitution. [But] [a]s a general proposition, due process is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property.
Id. at 371, 731 S.E.2d at 253 (emphasis added). The Court held that, based upon the allegations of her complaint, the plaintiff was not entitled to a damage recovery against the Charlotte-Mecklenburg Board of Education for violating N.C. Const. art. I, § 19.
Now, we likewise consider the viability of plaintiff's claims based on an asserted violation of N.C. Const. art. I, § 19.
In his complaint, plaintiff makes the following allegations:
34. Defendant Board [of Education], ... owed an open and safe environment of education services pursuant to Article 1, Section 19 of the North Carolina Constitution.
35. Defendant Board [of Education] ... failed to provide a safe environment for educational services to [plaintiff] and other students, and in fact, the environment provided by Defendant Board resulted in the death of the said [plaintiff].
36. Defendant Board created a dangerous environment, as set forth in detail herein, which allowed ... Defendant Board's employees to engage in perilous and dangerous conduct which resulted directly in the death of [plaintiff].
37. Defendant Board's violation of Article I, Section 19 of the North Carolina Constitution constituted the elimination of [plaintiff's] protected property interest in educational benefits under Article I, Section 19 and directly and proximately caused great and permanent injury to these rights and liberty interests, for which ... Plaintiff[ ][is] entitled to compensatory damages.
As noted in Doe, "[section 19 ] guarantees both due process rights and equal protection under the law" but "[a]s a general proposition, due process is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Id. at 371, 731 S.E.2d at 253. And here, plaintiff's allegations that negligent acts of defendant Board of Education resulted in a loss of life do not support a due process claim. Thus, plaintiff's claim that defendant Board of Education violated plaintiff's rights protected under Article 1, section 19 of our North Carolina Constitution must be dismissed.
We have also considered whether the allegations of the complaint, if true, could support a claim for which relief can be granted. See Wood, 355 N.C. at 166, 558 S.E.2d at 494 ("On a Rule 12(b)(6) motion to dismiss, the question is whether, as a matter of law, the allegations of the complaint, treated as true, state a claim upon which relief can be granted." (citation omitted)). Plaintiff does not direct our attention to any constitutional remedy which could grant plaintiff relief, and we find none. Thus, plaintiff's complaint on its face reveals no law to support plaintiff's claim and an absence of facts sufficient to make a good claim against defendant Board of Education. Therefore, we hold the trial court erred in denying defendant Board of Education's Rule 12(b)(6) motion to dismiss plaintiff's claim of a violation of plaintiff's rights under North Carolina Constitution, Article I, section 19 and, accordingly, reverse the trial court's 16 February 2015 Order Denying Defendant Board's Motion to Dismiss.
II & III
Defendant argues that the trial court erred in failing to dismiss plaintiff's complaint for lack of subject matter jurisdiction and lack of personal jurisdiction. And as an alternative argument, defendant Board of Education raises the question whether the trial court erred in denying defendant's Rule 59(e) motion to amend judgment.
However, we note that by dismissing plaintiff's constitutional claim, plaintiff's remaining causes of action for negligence and negligent hiring, supervision, and employee retention are causes of action against a county board of education brought in Forsyth County Superior Court. Standing alone, these causes of action against a county board of education are properly heard within the jurisdiction of the North Carolina Industrial Commission. See Turner v. Bd. of Educ., 250 N.C. 456, 464, 109 S.E.2d 211, 217 (1959) ("As a corollary to the [State Tort Claims] Act withdrawing liability of the State Board of Education for negligent acts of school bus drivers, the General Assembly placed the financial responsibility for such act squarely on the county and city boards of education. G.S. [§ ] 143-300.1. The section ... amended the State Tort Claims Act by prescribing that claims against county and city boards for ... injuries [occurring on school buses] shall be heard by the North Carolina Industrial Commission...."); Stacy v. Merrill, 191 N.C.App. 131, 135, 664 S.E.2d 565, 567-68 (2008) ("[T]here cannot be concurrent jurisdiction ... if a plaintiff's claim against a Board of Education falls within the scope of N.C. Gen.Stat. § 143-300.1 ...." (citation and quotation marks omitted)); Burns v. Union Cnty. Bd. of Educ., No. COA13-616, 2014 WL 220681 (N.C.App. Jan. 21, 2014) (unpublished) (holding that where student was killed crossing the roadway to reach a stopped school bus, the claim against the local board of education was properly heard in the North Carolina Industrial Commission). Thus, with plaintiff's constitutional claim dismissed, Forsyth County Superior Court is without jurisdiction to hear plaintiff's remaining negligence claims, as jurisdiction to hear those causes of action resides exclusively with the North Carolina Industrial Commission. Therefore, it appears that plaintiff's constitutional claim was filed in the Superior Court in an effort to defeat the exclusive jurisdiction of the Industrial Commission.
We note that plaintiff's brief on appeal contains no argument or authority in response to defendant Board of Education's argument, replete with authority and analysis that absent the constitutional claim, the remainder of plaintiff's tort claims reside exclusively in the Industrial Commission. Thus, we need not address defendant Board of Education's remaining arguments. Accordingly, we reverse and remand this matter to the trial court to dismiss plaintiff's remaining causes of action.
REVERSED IN PART; AND REMANDED.
Judges GEER and McCULLOUGH concur.
Report per Rule 30(e).

The record before us also indicates that claimants Norris and Odina Wesley, as Administrators of the Estate of Hasani Wesley, also filed a claim for damages against the Winston-Salem/Forsyth County Board of Education under the Tort Claims Act in the North Carolina Industrial Commission. In the claim for damages, plaintiff sought recovery for medical bills, pain and suffering, wrongful death, and "all other considerations."