JOSEPH P. MITCHELL, B/N/F, LOUISE W. MITCHELL v. GUILFORD COUNTY BOARD OF EDUCATION
AND
CARL V. MITCHELL v. GUILFORD COUNTY BOARD OF EDUCATION.

(Filed 12 June 1968.)

1. **Master and Servant § 82;　Schools § 11—**

The Industrial Commission has jurisdiction to hear and determine tort claims against any county board of education arising as a result of any alleged negligent act or omission of the driver of a public school bus in the course of his employment when the salary of such driver is paid from the State Nine Months School Fund. G.S. 143-300.1.

2. **Master and Servant § 93—**

Findings of fact by the Industrial Commission are conclusive on appeal if there is any competent evidence to support them. G.S. 143-293.

3. **Schools § 11—　Evidence held sufficient to sustain conclusion that school bus driver was negligent in striking child.**

The Commission's findings that the driver of a school bus approached the minor plaintiff and approximately fifty other children at a speed of 10 miles per hour upon an icy pavement, that the unsupervised students were coming toward the bus as he was pulling up to the spot where the children customarily came on board, and that the plaintiff, an 11-year-old boy, slipped on the icy sidewalk, slid towards the bus and that the rear wheels of the bus went across his legs, *held* sufficient to sustain the conclusion that the driver was negligent in failing to determine that plaintiff and the other children would not be placed in danger by the movement of the bus.

4. **Negligence § 16—**

An 11-year-old child is presumed to be incapable of contributory negligence.

APPEAL by defendant in each case from order of North Carolina Industrial Commission of 9 January 1968.

These cases originated before the North Carolina Industrial Commission and were consolidated for hearing, decision and appeal.

Commissioner Shuford first heard them, and upon appeal they were heard by the full Commission. From the order of the full Commission dated 9 January 1968 affirming Commissioner Shuford's award to the plaintiffs in a sum less than the maximum provided in G.S. 143-291, defendant, Guilford County Board of Education, appeals.

*Block, Meyland & Lloyd by Thomas J. Bolch for plaintiff appellees.*

*T. W. Bruton, Attorney General, and Richard N. League, Staff Attorney, for defendant appellant.*

MALLARD, C.J.  The plaintiff in each case institutes this action against the defendant pursuant to G.S. 143-300.1 which provides, among other things, that the North Carolina Industrial Commission has jurisdiction to hear and determine tort claims against any county board of education arising as a result of any alleged negligent act or omission of the driver of a public school bus, in the course of his employment, when the salary of such driver is paid from the State Nine Months School Fund.

Plaintiff Joseph P. Mitchell is the minor son of the plaintiff Carl V. Mitchell. Both plaintiffs seek to recover damages resulting from the alleged negligence of Stephen Johnson Ingle in the operation of a school bus as an employee of the Guilford County Board of Education while on the grounds of the Bessemer Junior High School, Greensboro, North Carolina, and while Joseph P. Mitchell was preparing to board the bus. Plaintiff Joseph P. Mitchell seeks to recover for pain and suffering and permanent physical disabilities. Plaintiff Carl V. Mitchell seeks to recover for hospital, ambulance and medical bills incurred by him for treatment of the injuries sustained by his minor son, Joseph P. Mitchell.

Defendant denies the material allegations of the plaintiffs, and for a further answer and defense to the cause of action of each plaintiff, alleges that Joseph P. Mitchell was contributorily negligent in his failure to exercise due care in approaching the school bus when the condition of the driveway was clearly icy and he could reasonably foresee that he might slip and be injured.

The findings of fact by the Industrial Commission are conclusive if there is any competent evidence to support them. G.S. 143-293.

There was ample evidence to support the findings of fact as to the damages sustained by the plaintiffs. The parties stipulated that the accident giving rise to the claims of the plaintiffs occurred at the Bessemer Junior High School in Greensboro on 21 January 1965

at about 4:00 P.M. and that Stephen Johnson Ingle was at such time an employee of the defendant and engaged in the course of his employment. The hearing Commissioner found and concluded that as such employee, Stephen Johnson Ingle negligently operated the school bus at the time and place of the accident. This was adopted and approved by the full Commission. The hearing Commissioner, among other things, made findings of fact, which were adopted and approved by the full Commission, that:

"1. On 21 January 1965, the minor plaintiff was 11 years old and in the seventh grade at the Bessemer Junior High School in Greensboro. There was a roadway in front of the school building which was used by school buses to load children in order to transport them to their homes. There was a walkway next to the roadway which was used by the children to walk to the school buses as they were being loaded.

2. It was cold at about 4:00 P.M. on 21 January 1965 and there was ice on both the roadway and the walkway in front of the school building. The minor plaintiff and other children therefore waited in the building until someone called out the number of the bus which they were to board in order to be transported to their homes. When such announcement was made the minor plaintiff and about 50 fellow students left the school building and went onto the sidewalk which was icy and upon which other children had fallen. The minor plaintiff and the other children walked in a group towards the place where they expected the school bus to stop for the purpose of allowing them to board it. There were usually teachers or monitors present to supervise the loading of the children onto the school buses. However, on the occasion here involved there was no one present to assist or supervise the children in the loading even though the sidewalk and roadway were icy and slippery.

3. Despite the absence of any teachers or anyone else to supervise the children, the school bus which the minor plaintiff was to board was driven, without sounding its horn or other warning device, on the roadway towards and by the children walking on the walkway towards the bus loading point. Such bus was driven on the icy pavement at a speed of about 10 miles per hour and to a point within five feet of where the group of approximately 50 children was located. * * *

4. As the school bus was being so driven past the place where the children were walking, the minor plaintiff slipped on the

icy walkway and slid towards the bus. His legs went under the bus and the rear wheels went across his legs.

5. The above-named school bus driver, by driving the school bus without warning ·and at approximately 10 miles per hour towards and by the group of approximately 50 unsupervised children despite the icy· conditions which were existing, failed to do that which and did other than a reasonably prudent person would have done under the same or similar circumstances. \* \* \*"

We hold that the facts found by the hearing Commissioner and adopted and affirmed by the full Commission are supported by competent evidence and that they are sufficient to support the action of the full Commission in adopting and affirming the findings and the conclusions of law reached by the hearing Commissioner, that the driver of the bus was negligent and that such negligence was the proximate cause of the accident and damages sustained by plaintiffs. *Brown v. Board of Education,* 269 N.C. 667, 153 S.E. 2d 335.

The bus driver in this case had stopped his bus behind another bus while it loaded and moved away. After the other bus moved, the driver started his bus forward from its stopped position while the minor plaintiff and approximately fifty other children were either by the side of it or approaching it from the door of the school building. The driver testified that there was ice on the street and on the sidewalk and that the students were coming toward the bus as he was pulling up. It was the duty of the bus driver either to keep the bus where it was or before moving it forward under these circumstances, in the exercise of the high degree of caution in order to meet the standard of care required, to determine that the minor plaintiff and the other children by the side of or approaching the bus would not be placed in positions of danger by the movement of the bus. This he failed to do, and this was negligence. *Greene v. Board of Education,* 237 N.C. 336, 75 S.E. 2d 129.

The plaintiff Joseph P. Mitchell was eleven years old. He is presumed to be incapable of contributory negligence. *Brown v. Board of Education, supra.* There is no finding of and no evidence of contributory negligence in the record.

Commissioner William F. Marshall, Jr., dissented from the order of the full Commission, but no reasons therefor are stated in the record.

The order of the Industrial Commission is
Affirmed.

BROCK and PARKER, JJ., concur.