THOMAS L. ETHERIDGE, J. C. ETHERIDGE, AND TRACY BARNHILL v. JAMES A. GRAHAM, COMMISSIONER OF AGRICULTURE, STATE OF NORTH CAROLINA

No. 712SC567

(Filed 24 May 1972)

1. Public Officers § 9— breach of ministerial duty — liability

A public officer cannot be held liable for a breach of a ministerial statutory duty unless the statute expressly provides for liability.

2. Agriculture § 8; Public Officers § 9— Commissioner of Agriculture — individual liability

The Commissioner of Agriculture cannot be held individually liable to producers of soybeans for failure to require a soybean dealer to obtain a permit to operate as a grain dealer and to furnish bond as set forth in [former] G.S. 106-496 et seq., the statutes not having placed a mandatory duty on the Commissioner to require permits or bonds, and there being no liability provision in the statute.

3. State § 4— sovereign immunity

Neither the State nor an agency of the State can be sued in a State court without its permission.

4. State § 4— tort claim against State agency — jurisdiction

The superior court had no jurisdiction over an action for damages against the Department of Agriculture based on the failure of the Commissioner of Agriculture to require a soybean dealer to obtain a permit and to furnish bond, since jurisdiction of tort claims against a State agency has been vested in the Industrial Commission.

APPEAL by plaintiffs from Bone, Judge, 5 April 1971 Session of MARTIN Superior Court.

Plaintiffs, producers of farm products, seek to recover damages alleged to have been caused by the failure of the defendant to perform duties enumerated under G.S. 106-496 et seq. Plaintiffs' claim arises from the sale of their 1969 soybean crop to a nonbonded buyer on and after 17 November 1969. The soybeans were converted by the buyer who gave plaintiffs worthless checks in payment and plaintiffs have been unable to recover the soybeans. Unknown to plaintiffs the buyer was insolvent when the soybeans were delivered and was thereafter declared bankrupt in federal court.

At the time of delivery of the soybeans plaintiffs were "producers of farm products" within G.S. 106-496 et seq. regulating unfair practices of handlers of farm products. At delivery the corporate buyer, Bethel Peanut & Grain Market, was a "handler of farm products on a basis other than cash" within the meaning of G.S. 106-496 et seq. Plaintiffs allege that defendant had an official duty under G.S. 106-496 et seq. to require the buyer to obtain a permit to operate as a grain dealer and handler based on a bond or satisfactory evidence of financial ability. The buyer had no such permit or bond and had not been required to obtain one by defendant. Plaintiffs allege this omission on the part of defendant proximately resulted in their loss and damage.

Defendant filed a motion to dismiss the action on the ground that the superior court lacked jurisdiction to hear the case. From judgment granting the motion and dismissing the case, plaintiffs appealed.

*Thorp & Etheridge by William D. Etheridge for plaintiffs appellants.*

*Attorney General Robert Morgan by Associate Attorneys William Lewis Sauls and Christine A. Witcover for defendant appellee.*

BRITT, Judge.

It is not clear from the complaint whether plaintiffs are seeking to recover damages from James A. Graham individually, occupying the office of Commissioner of Agriculture, or whether plaintiffs are seeking to recover from the State, i.e., the office of the Commissioner of Agriculture occupied by James A. Graham.

[1, 2] Assuming plaintiffs are proceeding against James A. Graham individually, in North Carolina a public officer cannot be held liable for a breach of a ministerial statutory duty unless the statute expressly provides for liability. *Langley v. Taylor,* 245 N.C. 59, 95 S.E. 2d 115 (1956); *Wilkins v. Burton,* 220 N.C. 13, 16 S.E. 2d 406 (1941). There is no such liability provision in G.S. 106-496 et seq. The Commissioner's authority under the pertinent statutes appears to be expressed in permissive language such as "may require" in G.S. 106-497 and "(t)he Commissioner may withhold his approval in his discretion" in G.S. 106-499. In no section of the Article as worded prior to the 1971 amendment do we find language placing a mandatory affirmative duty on the Commissioner to actively require permits or bonds. Since the acts complained of occurred prior to 1971 the pre 1971 amended statutes are controlling in this instance. Therefore, if this legislation is deemed permissive as far as the Commissioner is concerned, it would be within his discretion to require a bond based on the financial condition. Absent a showing of abuse of that discretion, the court will not consider it. *Burton v. Reidsville,* 243 N.C. 405, 90 S.E. 2d 700 (1956). However, assuming *arguendo* the Commissioner had a mandatory duty to act in this instance, he would not be personally liable for his failure to act. *Langley v. Taylor, supra.*

[3] Assuming plaintiffs are proceeding against the State or its agency, the Board of Agriculture, it is settled law in this jurisdiction that neither the State nor any of its institutions or agencies can be sued in the courts of the State without its permission. *Insurance Co. v. Unemployment Compensation Com.,* 217 N.C. 495, 8 S.E. 2d 619 (1940); *Microfilm Corp. v. Turner,* 7 N.C. App. 258, 172 S.E. 2d 259 (1970), cert. den. 276 N.C. 497 (1970). The complaint alleges a cause of action in tort. Unless plaintiffs proceed under the Tort Claims Act the doctrine of sovereign immunity would apply.

G.S. 143-291 provides in part: "The North Carolina Industrial Commission is hereby constituted a court for the purpose of hearing and passing upon tort claims against the State Board of Education, the State Highway Commission, and all other departments, institutions and agencies of the State."

[4] In *Floyd v. Highway Commission,* 241 N.C. 461, 85 S.E. 2d 703 (1955) the court held that since the Tort Claims Act is

in derogation of sovereign immunity it must be strictly construed and the terms must be strictly adhered to. See also, *Construction Co. v. Dept. of Administration,* 3 N.C. App. 551, 165 S.E. 2d 338 (1969). Therefore, jurisdiction of tort claims against the State, its agencies and departments having been vested in the industrial commission the superior court has no jurisdiction over this proceeding and was correct in dismissing it. Plaintiffs can find no relief under the Tort Claims Act, however, as it is applicable only to negligent *acts* of State employees and is not applicable to negligent *omissions.* G.S. 143-291; *Flynn v. Highway Commission,* 244 N.C. 617, 94 S.E. 2d 571 (1956).

The judgment appealed from is

Affirmed.

Judges PARKER and HEDRICK concur.