ROOSEVELT WITHERS, JR. v. CHARLOTTE-MECKLENBURG BOARD OF EDUCATION

No. 7626IC619

(Filed 19 January 1977)

Schools § 11— collision with school bus — one other than bus driver operating bus — Industrial Commission without jurisdiction

In an action to recover for damages to plaintiff's truck resulting from a collision with a school bus belonging to defendant, the Industrial Commission properly determined that G.S. 143-300.1, the statute giving the Commission jurisdiction over tort claims arising from the negligence of a school bus driver while operating his bus in the course of his employment, was inapplicable in this action and the Commission was without jurisdiction, since the evidence tended to show that the driver of the bus in question had given her keys to a 15-year-old boy so that he could warm up the bus; the boy was driving the bus at the time it collided ·with plaintiff's truck; and the driver was not even in the bus at the time of the collision.

APPEAL by plaintiff from order of the North Carolina Industrial Commission filed 26 April 1976. Heard in the Court of Appeals 11 January 1977.

Plaintiff instituted this action under the Tort Claims Act to recover for damages to his truck resulting from a collision with a school bus belonging to defendant.

Following a hearing, Chief Deputy Commissioner Shuford entered an Order finding facts summarized in pertinent part as follows:

On 6 May 1975, at approximately 7:15 a.m., Lynn Osborne was regularly employed as a school bus driver for defendant and was paid from the State Nine Months School Fund. As such driver she had custody of the keys to the bus which she drove in the regular course of her employment and had been instructed

never to allow anyone other than herself to drive the bus assigned to her.

On various occasions prior to said date, Miss Osborne had given Kent Tolliver, a 15-year-old boy, the keys to the bus and asked him to "warm up" the bus on certain mornings. She knew that Tolliver was only 15, that he had no driver's license and that on some occasions when she had given him the keys he had driven the bus from the place where she customarily parked it to her home.

On the day in question Miss Osborne gave Tolliver the keys and asked him to warm up the bus. He proceeded to drive the bus on Gunn Street in the City of Charlotte and while he was doing so the bus struck plaintiff's truck which was parked on the street.

Said driver, by giving the keys to a 15-year-old boy when she knew, or had reason to know, that he might attempt to drive the bus, "did other than and failed to do that which a reasonably prudent person would have done under the same or similar circumstances." Said conduct constituted negligence on her part and was the proximate cause of the accident and damages sustained by plaintiff. Plaintiff acted as a reasonably prudent person would have done under the same or similar circumstances, and there was no contributory negligence on his part.

As a result of said accident, plaintiff was damaged in the total amount of $7,500 which includes actual damages to plaintiff's vehicle and damage sustained by the loss of use of the truck.

The deputy commissioner concluded that there was negligence on the part of said school bus driver, that the negligence was the proximate cause of the accident and the damages sustained by plaintiff, there was no contributory negligence on the part of plaintiff, and that he is entitled to recover $7,500.

Defendant appealed to the full commission who affirmed and adopted as its own the findings of fact by the hearing commissioner, concluded that there was negligence on the part of Miss Osborne, that said negligence was the proximate cause of the accident resulting in damages to plaintiff's property and that there was no contributory negligence on the part of plaintiff. However, the full commission concluded that at the time

of the negligent act complained of, Miss Osborne was not operating the school bus in the course of her employment, therefore, G.S. 143-300.1 is inapplicable to this claim and the Industrial Commission has no jurisdiction.

From an order dismissing his claim, plaintiff appeals.

*Mraz, Aycock, Casstevens & Davis, by Frank B. Aycock III and L. Hunter Meacham, Jr., for plaintiff appellant.*

*Attorney General Edmisten, by Sandra M. King, for defendant appellee.*

BRITT, Judge.

Plaintiff assigns as error the commission's conclusion that it lacked jurisdiction over this action and the dismissal of his claim. The assignment is without merit.

This action is controlled by G.S. 143-300.1 which, at the time of the accident, provided in pertinent part that:

"The North Carolina Industrial Commission shall have jurisdiction to hear and determine tort claims against any county board of education or any city board of education, which claims arise as a result of any alleged negligent act or omission of the driver of a public school bus or school transportation service vehicle . . . and which driver was at the time of such alleged negligent act or omission *operating* a public school bus or school transportation service vehicle in the course of his employment by such administrative unit or such board. . . ." (Emphasis added.)

The commission concluded that the school bus driver "was not operating a public school bus in the course of her employment" at the time of the accident causing the damages suffered by plaintiff, therefore, it lacked jurisdiction under the statute.

Plaintiff contends that *operating* a school bus "includes directing or instructing another to drive or operate the vehicle." He asserts that the school bus driver was "constructively" operating the vehicle when she allowed the 15-year-old boy to start the bus and drive it to her home. We find this argument unpersuasive.

The applicable statute is in derogation of sovereign immunity, therefore, it must be strictly construed and its terms

Withers v. Board of Education

must be strictly adhered to. *Etheridge v. Graham,* 14 N.C. App. 551, 188 S.E. 2d 551 (1972) ; *Teer Co. v. Highway Commission,* 265 N.C. 1, 143 S.E. 2d 247 (1965). We fail to perceive how defendant's employee can be considered to have been *operating* the school bus when she did not have physical control of the vehicle or the ability to direct its operation. The 15-year-old boy was alone in the bus and, in fact, was returning from a personal errand when the accident occurred. Allowing a 15-year-old boy to drive a school bus may well constitute a negligent act, but, for defendant to be held liable, the negligent act or omission must occur while the salaried employee is operating the school bus in the course of her employment.

There is competent evidence to support the commission's finding that the salaried school bus driver was not operating the vehicle in the course of her employment at the time of the collision, consequently, the findings are conclusive on appeal. G.S. 143-293; *Mitchell v. Board of Education,* 1 N.C. App. 373, 161 S.E. 2d 645 (1968). The order concluding that the commission lacked jurisdiction over the claim is therefore

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.