HADLEY NEWGENT, Administrator of the Estate of JOSEPH LEVI NEWGENT, Deceased Minor, Plaintiff v. BUNCOMBE COUNTY BOARD OF EDUCATION, Defendant

No. 9310IC610

(Filed 19 April 1994)

**State § 63 (NCI4th) — death of a child crossing road to catch bus — allegedly negligent acts of bus driver — driver not operating bus in course of employment when acts occurred**

In an action to recover for the death of a child who was struck and killed when attempting to cross the highway in order to await the arrival of his school bus, the Industrial Commission properly found that it did not have jurisdiction over the action because the bus driver was not operating the vehicle in the course of her employment at the time of the alleged negligent acts, which included not reporting to the principal that the stop had limited visibility and that she could stop the bus and pick up students on the other side of the highway, and not informing the principal or the child's parents that the child had previously crossed the highway by himself. N.C.G.S. § 143-300.1.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 649-651.**

Judge ORR dissenting.

Appeal by plaintiff from order of the Industrial Commission issued 12 April 1993. Heard in the Court of Appeals 7 March 1994.

On 10 December 1990, at approximately 6:50 a.m. near the intersection of N.C. Highway 63 and Frisbee Road in Buncombe County, Joseph Levi Newgent was struck by an automobile and killed when attempting to cross Highway 63 in order to await the arrival of his school bus. On 21 November 1991, plaintiff filed a Tort Claim Affidavit pursuant to N.C. Gen. Stats. §§ 143-297 and 143-300.1. The affidavit alleged that Jean Freeman, the driver of the school bus which Joseph rode to school and was planning to board when he crossed the highway and was struck by another vehicle, was negligent by: not reporting to the principal that the bus stop that Joseph used every morning was in an area with limited visibility, not informing the principal that she could stop

the bus in the mornings and pick up Joseph on the west side of the road so that he would not need to cross the highway, and by not informing the principal and Joseph's parents that he had previously crossed the highway by himself prior to being struck and killed by an automobile on 10 December 1990.

On 12 December 1991, defendant filed a motion to dismiss. Following a hearing, Commissioner J. Randolph Ward entered an Order dismissing the claim, concluding that, at the time of the negligent acts complained of, Jean Freeman was not operating the school bus in the course of her employment and therefore the Industrial Commission had no jurisdiction. Plaintiff then appealed to the Full Commission. From the Commission's Order confirming the order of dismissal, plaintiff now appeals.

*Long, Parker, Hunt, Payne & Warren, P.A., by Ronald K. Payne, for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Assistant Attorney General Richard L. Griffin, for defendant-appellee.*

WELLS, Judge.

Plaintiff assigns as error the Industrial Commission's finding and concluding that it lacked jurisdiction over this action and the dismissal of his claim. After examining the record before us, we must conclude that this assignment is without merit.

This action is governed by G.S. § 143-300.1, which provides in pertinent part:

The North Carolina Industrial Commission shall have jurisdiction to hear and determine tort claims against any county board of education . . . which claims arise as a result of any alleged mechanical defects or other defects which may affect the safe operation of a public school bus . . . resulting from an alleged negligent act of any maintenance personnel or as a result of any alleged negligent act or omission of the driver of a public school bus . . . and which driver was *at the time of the alleged negligent act or omission operating a public school bus . . . in the course of his employment by or training for that administrative unit or board.* (Emphasis added.)

The Commission found and concluded that the school bus driver "was not operating a public school bus in the course of her em-

ployment" at the time of the alleged negligent acts complained of; therefore, the Commission lacked jurisdiction under the statute.

Since the applicable statute is in derogation of sovereign immunity, it must be strictly construed and its terms strictly adhered to. *Etheridge v. Graham*, 14 N.C. App. 551, 188 S.E.2d 551 (1972). We can discern no way that defendant's employee could be considered to have been operating the bus at the time of the negligent acts complained of—not reporting to the principal that the stop had limited visibility and that she could stop the bus and pick up students on the west side of the highway, and not informing the principal or Joseph's parents that Joseph had previously crossed the highway by himself. In order to be held liable under this statute, the negligent acts or omissions complained of must have occurred while the employee was operating the bus in the course of her employment.

There is competent evidence to support the Commission's finding that the bus driver was not operating the vehicle in the course of her employment at the time of the alleged negligent acts; therefore, the findings are conclusive on appeal. *See* G.S. § 143-293; *Mitchell v. Board of Education*, 1 N.C. App. 373, 161 S.E.2d 645 (1968). For the reasons stated above, the order concluding that the Commission lacked jurisdiction over the claim is hereby

Affirmed.

Judge ORR dissents in a separate opinion.

Judge WYNN concurs.

Judge ORR dissenting.

Because the majority, in my opinion, construes the jurisdictional statute too narrowly, I respectfully dissent.

I do not believe that the Legislature intended for N.C. Gen. Stat. § 143-300.1 to preclude the Industrial Commission from hearing tort claims wherein certain alleged negligent acts or omissions arose out of, and were inseparably connected to, events occurring at the time a school bus driver was operating the bus in the course of her employment.

In the present case, in accordance with N.C. Gen. Stat. § 143-297, plaintiff filed an affidavit with the Commission that included a statement of facts and circumstances surrounding the injury giving rise to the claim. In this affidavit, plaintiff stated that her child, decedent, Joseph Levi Newgent, was a student at West Buncombe Elementary School assigned to bus number 463. Plaintiff stated that she and decedent lived on Cole Road, located on the West side of N.C. Hwy. 63, "a very busy highway currently under expansion by the North Carolina Department of Transportation to five lanes." Further, the affidavit stated:

> The school bus driver, Jean Freeman, took the school bus (#463) home with her on a daily basis. Ms. Freeman lived North of the point where Frisbee Road (off of which Cole Road is located) intersects with NC Highway 63. In the mornings, Mrs. Freeman would drive by Frisbee Road, the side on which the deceased child lived, traveling in a southerly direction. She would turn the school bus around and travel the same route in a Northerly direction. She would proceed to make one stop and then pick up Joseph Levi Newgent on the East side of NC Highway 63. Therefore, it was necessary for Joseph Levi Newgent to cross NC Highway 63 in order to board the school bus.

> The bus stop where Joseph Levi Newgent was picked up was located on a[n] incline, in a curve to the right with very limited visibility. Ms. Freeman has stated . . . that Joseph Levi Newgent had crossed the road twice before on his own. She further stated that she had not reported his crossing NC Highway 63 by himself to any person, including the principal of the elementary school nor to his parents. On the day of 10 December, 1990 at approximately 6:50 a.m., a period of time where there was very limited visibility, my son[, Joseph Levi Newgent,] was killed while crossing NC Highway 63 in order to await the arrival of the school bus.

Also in this affidavit, plaintiff stated that she "believe[d] Ms. Freeman was negligent by" failing to inform the principal and decedent's parents of facts Ms. Freeman observed and alternative routes Ms. Freeman should have taken while operating the bus in the course of her employment.

Under N.C. Gen. Stat. § 143-297, in "all claims which may . . . be filed against the various . . . agencies of the State, the

claimant . . . shall file with the Industrial Commission an affidavit . . . setting forth the following information: . . . A brief statement of the facts and circumstances surrounding the injury and giving rise to the claim." "Adherence to formal rules of pleading is not required but the claim should state facts sufficient to identify the agent or employee and a brief statement of the negligent act that caused the injury." *Turner v. Gastonia City Bd. of Educ.*, 250 N.C. 456, 460, 109 S.E.2d 211, 214 (1959).

> No formal pleadings are required in a proceeding under our State Tort Claims Act. It is only necessary in order to invoke the jurisdiction of the Industrial Commission for the claimant or person in whose behalf the claim is made to file with the Industrial Commission an affidavit in duplicate setting forth the material facts, as required by G.S. 143-297.

*Branch Banking & Trust Co. v. Wilson County Bd. of Educ.*, 251 N.C. 603, 607-08, 111 S.E.2d 844, 848 (1960). I would conclude, therefore, that plaintiff's affidavit contained sufficient facts in compliance with N.C. Gen. Stat. § 143-297 to confer jurisdiction on the Industrial Commission under N.C. Gen. Stat. § 143-300.1.

If, however, "the claim, upon its face, shows that the State department or agency sought to be charged is not liable, then the Commission may end the proceeding." *Turner*, 250 N.C. at 460, 109 S.E.2d at 214. Prior to the enactment of our Rules of Civil Procedure, the proper way to take advantage of this defect was by demurrer. *Id.* Under our Rules of Civil Procedure, " '[a] motion to dismiss "for failure to state a claim upon which relief can be granted [pursuant to Rule 12(b)(6)]" is the modern equivalent of a demurrer.' " *Sutton v. Duke*, 277 N.C. 94, 99, 176 S.E.2d 161, 163 (1970) (adopting the treatment of a demurrer under the Federal Rules of Civil Procedure) (citations omitted).

The present case was not, however, brought under a Rule 12(b)(6) motion to dismiss for failure to state a claim. Instead, this action was brought under Rule 12(b)(1) and (2) for lack of personal and subject matter jurisdiction. Based on the liberal pleading rules applying N.C. Gen. Stat. § 143-297, I do not find that this action was a proper one for dismissal based on lack of jurisdiction.

In her affidavit, plaintiff set out the circumstances surrounding the alleged negligent acts of Ms. Freeman. These circumstances show that at the time Ms. Freeman was operating the bus in

the course of her employment, she saw the decedent, an elementary aged child, cross the busy road twice on his own, and she could allegedly see that the bus stop was in an area of limited visibility for a pedestrian. Further, while she was operating the bus in the course of her employment, every morning Ms. Freeman would drive by Frisbee Road in a southerly direction. If Ms. Freeman had picked up decedent while she was traveling in a southerly direction instead of turning the bus around and picking him up while she was driving the bus in a northerly direction, decedent would not have had to cross the highway and thus be exposed to the danger of crossing the highway.

The alleged acts and omissions of failing to inform the principal and decedent's parents arose out of events that occurred while Ms. Freeman was operating the bus in the course of her employment. In light of the fact that plaintiff is not required under N.C. Gen. Stat. § 143-297 to adhere to formal rules of pleading, the events described in the affidavit, in my opinion, are sufficient for jurisdictional purposes to show that the alleged acts or omissions occurred while Ms. Freeman was operating the bus in the course of her employment.

While the majority relies on the language of N.C. Gen. Stat. § 143-300.1 requiring that the driver be operating the public school bus "at the time of the alleged negligent act or omission" to defeat plaintiff's claim based on a lack of jurisdiction, I find the affidavit sufficient to set out facts arising from the actual operation of the school bus and would reverse the order of the Industrial Commission and remand for a hearing on plaintiff's claim.