ANDERSON TIMOTHY STACY, INDIVIDUALLY, AND AS GUARDIAN AD LITEM FOR ZACHARY ALLEN STACY AND JACOB NATHANIEL STACY, MINOR CHILDREN, PLAINTIFFS V. DR. JAMES G. MERRILL, IN HIS CAPACITY AS SUPERINTENDENT OF ALAMANCE-BURLINGTON BOARD OF EDUCATION, AL SMITH, IN HIS CAPACITY AS DIRECTOR OF TRANSPORTATION OF ALAMANCE-BURLINGTON BOARD OF EDUCATION, AND JEAN MANESS, IN HER CAPACITY AS PRINCIPAL OF R. HOMER ANDREWS ELEMENTARY SCHOOL, AND ALAMANCE-BURLINGTON BOARD OF EDUCATION, DEFENDANTS

No. COA07-1466

(Filed 17 June 2008)

### 1. Tort Claims Act— school bus accident—exclusive jurisdiction in Industrial Commission

The Industrial Commission had exclusive jurisdiction over claims arising from a school bus accident in which a child riding a bicycle fell into the path of the bus, and the trial court did not err by dismissing claims filed in superior court. The legislative intent was for N.C.G.S. § 143-300.1 to allow the Industrial Commission to hear tort claims alleging negligence arising

from and inseparably connected to events occurring at the time a school bus driver was operating the bus in the course of her employment.

**2. Schools and Education— bus accident—sovereign immunity not waived**

Even if the Industrial Commission did not have exclusive jurisdiction, the trial court did not err by dismissing claims arising from a school bus accident where defendant did not waive governmental immunity. Exclusions relating to automobiles in the board's risk management program and excess liability coverage applied here.

Appeal by plaintiffs from judgment entered 13 April 2007 by Judge R. Allen Baddour, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 14 May 2008.

*Forman Rossabi Black, P.A., by Amiel J. Rossabi and Emily J. Meister, for plaintiff-appellants.*

*Cranfill Sumner & Hartzog, L.L.P., by Ann S. Estridge, Alycia S. Levy, and Allison Serafin, for defendant-appellees.*

STEELMAN, Judge.

Where defendants did not waive governmental immunity, the trial court did not err in dismissing plaintiffs' complaint.

### I. Factual and Procedural Background

On 20 August 2004, Zachary and Jacob Stacy ("the minor plaintiffs"), brothers of decedent, Quentin Stacy, were students at R. Homer Andrews Elementary School. Plantiff Anderson Timothy Stacy is the father of the minor plaintiffs.

When school was dismissed on 20 August 2004, the three Stacy brothers left the school, retrieved their bicycles, and began to ride home along Avalon Road. At the same time, school buses were traveling along Avalon Road in the same direction. Before leaving school property, Quentin Stacy lost control of his bicycle, fell into the path of a school bus, and was killed. Zachary and Jacob Stacy witnessed the incident.

On 21 August 2006, plaintiffs filed a complaint in the Superior Court of Alamance County, naming as defendants the Alamance-

Burlington Board of Education ("the Board"); Dr. James Merrill, Superintendent of the Alamance-Burlington Board of Education; Al Smith, Director of Transportation; and Jean Maness, Principal of R. Homer Andrews Elementary School in their official capacities. On 8 February 2007, plaintiffs filed an amended complaint. Plaintiffs' amended complaint alleged the following negligent conduct on the part of defendants: (1) designing a pedestrian, bicycle and vehicular traffic plan with no clearly marked pedestrian or bicycle lanes, with no fence, sidewalk, curb or other structure to separate pedestrian and bicycle traffic and vehicular traffic; (2) failing to supervise the elementary school children leaving the school campus; (3) failing to supervise or provide adequate training of bus drivers, including failure "to warn of the dangers of traveling through the area on Avalon Road congested by the presence and close proximity of students walking or riding bicycles"; (4) failing to provide a reasonably safe exit route for the students at Andrews Elementary; (5) failing to ensure a safe, alternate means of travel between home and school for students who were not provided transportation by defendants; and (6) failing to teach children who were not provided transportation the safe manner in which to walk, ride, and travel in order to avoid injury and/or death. The amended complaint further alleged that as a result of defendants' conduct, Zachary and Jacob Stacy suffered severe emotional distress as a result of witnessing their brother's death, and Timothy Stacy incurred medical expenses. On the same day that plaintiffs filed their original complaint, plaintiff Anderson Timothy Stacy filed two claims on behalf of the minor plaintiffs under the Tort Claims Act with the Industrial Commission, alleging that Quentin Stacy was killed as a result of the negligence of the school bus driver and seeking damages for severe emotional distress and unreimbursed medical expenses.

On 21 February 2007, defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(2) of the North Carolina Rules of Civil Procedure. The motion to dismiss was heard on 9 April 2007. Judge Baddour considered numerous affidavits, arguments of counsel, and discovery materials. On 17 April 2007, Judge Baddour entered an order granting defendants' motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(2). On 27 July 2007, plaintiffs moved for relief from the 17 April order pursuant to Rule 60 of the North Carolina Rules of Civil Procedure. Following a hearing on 2 August 2007, plaintiffs' Rule 60 motion was denied by order filed on 16 August 2007. Plaintiffs appeal.

## II. Standard of Review

"Our review of a motion to dismiss under Rule 12(b)(1) of the North Carolina Rules of Civil Procedure is *de novo*. . . . Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the [trial court]." *Peninsula Prop. Owners Ass'n v. Crescent Res., LLC*, 171 N.C. App. 89, 92, 614 S.E.2d 351, 353 (2005) (citations and quotation marks omitted). The standard of review of the trial court's decision to grant a motion to dismiss under Rule 12(b)(2) is whether the record contains evidence that would support the court's determination that the exercise of jurisdiction over defendants would be inappropriate. *See Stann v. Levine*, 180 N.C. App. 1, 22, 636 S.E.2d 214, 227 (2006).

## III. Jurisdiction

In their only argument, plaintiffs contend that the trial court erred in dismissing their amended complaint for lack of jurisdiction. We disagree.

### A. Jurisdiction of Industrial Commission

[1] The first issue we address is whether the Industrial Commission had exclusive jurisdiction to hear plaintiffs' claims.

> Under the doctrine of sovereign immunity, the State is immune from suit absent waiver of immunity. Under the doctrine of governmental immunity, a county is immune from suit for the negligence of its employees in the exercise of governmental functions absent waiver of immunity. An action against a commission or board created by statute as an agency of the State where the interest or rights of the State are directly affected is in fact an action against the State.

*Meyer v. Walls*, 347 N.C. 97, 104, 489 S.E.2d 880, 884 (1997) (internal citations omitted).

The Board is a local board of education as defined in N.C. Gen. Stat. § 115C-5(5) (2007). N.C. Gen. Stat. § 115C-42 (2007) provides that a local board of education may waive governmental immunity from liability for damage caused by the torts of its employees acting within the course of their employment upon the purchase of insurance. The statute contains a proviso that

> this section shall not apply to claims for damages caused by the negligent acts or torts of public school bus, or school transporta-

tion service vehicle drivers, while driving school buses and school transportation service vehicles when the operation of such school buses and service vehicles is paid from the State Public School Fund.

*Id.* This proviso applies to the types of claims which are covered by N.C. Gen. Stat. § 143-300.1. *Smith v. McDowell County Bd. of Education,* 68 N.C. App. 541, 543, n. 1, 316 S.E.2d 108, 110, n. 1 (1984); *Stein v. Asheville City Bd. of Educ.,* 168 N.C. App. 243, 251, 608 S.E.2d 80, 86 (2005).

N.C. Gen. Stat. § 143-300.1 provides in pertinent part:

The North Carolina Industrial Commission shall have jurisdiction to hear and determine tort claims against any county board of education or any city board of education, which claims arise . . . as a result of any alleged negligent act or omission of the driver . . . of a public school bus or school transportation service vehicle . . .

N.C. Gen. Stat. § 143-300.1(a) (2007). "Thus, there cannot be concurrent jurisdiction: if a plaintiff's claim against a Board of Education falls within the scope of N.C. Gen. Stat. § 143-300.1, then N.C. Gen. Stat. § 115C-42 excludes the claim from the waiver of immunity." *Stein* at 251, 608 S.E.2d at 86. The legislative intent for N.C. Gen. Stat. § 143-300.1 was to allow the Industrial Commission to hear "tort claims wherein certain alleged negligent acts or omissions arose out of, and were inseparably connected to, events occurring at the time a school bus driver was operating the bus in the course of her employment." *Newgent v. Buncombe County Bd. of Educ.,* 114 N.C. App. 407, 409, 442 S.E.2d 158, 159 (1994) (Orr, J., dissenting), *reversed per curiam,* 340 N.C. 100, 455 S.E.2d 157 (1995) (adopting dissent of Orr, J.).

In the instant case, plaintiffs do not dispute that the school bus driver is an employee whose acts are covered by N.C. Gen. Stat. § 143-300.1. Plaintiffs' Industrial Commission claim states that "[the bus driver] was driving . . . at a speed greater than the recommended speed and too fast for the conditions then existing[] . . . when [the bus driver] saw the children on bicycles and walking, he should have stopped his bus until the roadway was clear of children (bicyclists and pedestrians). *The accident was preventable by the driver.*" (emphasis added).

Plaintiffs' amended complaint in superior court alleges that, "as Quentin Stacy was proceeding along Avalon Road . . . he lost control of his bicycle, fell into the path of a school bus proceeding along such road, and was killed instantly."

Under the facts alleged in their amended complaint, plaintiffs' claims are "inseparably connected to[] events occurring at the time a school bus driver was operating the bus in the course of [his] employment[,]" and thus fall within the scope of N.C. Gen. Stat. § 143-300.1. *See Newgent* at 409, 442 S.E.2d at 159. We hold that the Industrial Commission had exclusive jurisdiction over plaintiffs' claims, and the trial court did not err in dismissing plaintiffs' claims. This argument is without merit.

B.  Waiver of Immunity Through the Purchase of Liability Insurance

[2] Even assuming *arguendo* that the Industrial Commission did not have exclusive jurisdiction over plaintiffs' claims, under the facts of the instant case, defendants did not waive governmental immunity through the purchase of liability insurance.

Although a local board of education may waive governmental immunity by purchasing liability insurance pursuant to N.C. Gen. Stat. § 115C-42, "such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort." N.C. Gen. Stat. § 115C-42. "Waiver of sovereign immunity may not be lightly inferred and State statutes waiving this immunity, being in derogation of the sovereign right to immunity, must be strictly construed." *Guthrie v. State Ports Authority*, 307 N.C. 522, 537-38, 299 S.E.2d 618, 627 (1983) (citations omitted). This rule of strict construction applies to exclusionary clauses in liability insurance policies, including automobile exclusions. *See Beatty v. Charlotte-Mecklenburg Bd. of Educ.*, 99 N.C. App. 753, 756, 394 S.E.2d 242, 244-45 (1990).

In the instant case, the Board participated in a risk management program known as the North Carolina School Boards Trust ("NCSBT"). The Board and NCSBT entered into a Trust Fund Agreement which covered acts or omissions occurring on the date of the incident in question. The Trust Fund Agreement contains a number of exclusions, including Exclusion Number 18, which provides that coverage does not apply

[t]o any Claim arising out of or in connection with the ownership, leasing, purchasing, maintenance, operation, use, loading or

unloading of any Automobile; or to any Claim arising out of or in connection with the hiring, training, or supervising of any person maintaining, operating, leasing, purchasing, using, loading or unloading any Automobile.

The Trust Fund Agreement defines "Automobile" as "a land motor vehicle, trailer or semi-trailer designed for travel on public roads but does not include mobile equipment."

Plaintiffs urge us to. reject defendants' contention that their claims arise out of the ownership, maintenance, operation, use, loading or unloading of an automobile. Plaintiffs assert that the automobile exclusion in the Trust Fund Agreement does not apply to their negligence claims against these defendants because "nowhere in the allegations of Plaintiffs Amended Complaint is the bus driver's negligence alleged or implied." Plaintiffs contend that their amended complaint asserts "distinctly 'non-automobile proximate causes[.]' "

Plaintiffs' claims clearly "arise out of or in connection with" a school bus, which is encompassed within the definition of "Automobile" as defined in the Trust Fund Agreement. This Court examined a similar automobile exclusion involving a similar claim in *Beatty*, *supra*. We find the reasoning in *Beatty* instructive in the instant case.

In *Beatty*, a student was injured by a truck when he was attempting to reach his assigned school bus. The plaintiff's claims included negligent design of the school bus route and stop location, and we held that those claims fell within the ambit of the automobile exclusionary clause, stating

it is inconceivable to us that defendant Board intended to exclude liability for injuries suffered by pupils while being transported by a school bus or in the process of boarding or disembarking from a school bus, but intended to waive immunity for injuries associated with the *design of a bus route* or the location of a bus stop.

*Beatty* at 756, 394 S.E.2d at 244-45 (emphasis added). As in *Beatty*, plaintiffs in the instant case specifically allege negligence on the part of defendants in the design of the pedestrian, bicycle, and vehicular traffic plan, and in their failure to provide a safe exit route for students. Strict construction of N.C. Gen. Stat. § 115C-42 and the Trust Fund Agreement compels the conclusion that plaintiffs' alleged injuries were caused, at least in part, by the negligence of a school bus driver and are exempt from coverage.

In addition to the Trust Fund Agreement, NCSBT contracted with FolksAmerica ("the Reinsurance Agreement") to provide excess general liability coverage and excess errors and omissions coverage for claims between $150,000.00 and $1,000,000.00. The Reinsurance Agreement provides "follow form" coverage and incorporates all terms and conditions of the Trust Fund Agreement, except where the Reinsurance Agreement specifically differs. Additionally, the declarations page of the Reinsurance Agreement states that it provides coverage for "General Liability—Bodily Injury and/or Property Damage Liability *other than automobile*." (emphasis added).

By its terms, the Reinsurance Agreement excludes plaintiffs' claims from coverage. The automobile exclusion in the Reinsurance Agreement corresponds to Exclusion 18 of the Trust Agreement, and there is no conflict between the two agreements. For this reason, we find plaintiffs' reliance on *Lail v. Cleveland Cty. Bd. of Educ.*, 183 N.C. App. 554, 645 S.E.2d 180 (2007), unpersuasive. *See Lail* (where a conflict existed between a reinsurance agreement and the underlying trust fund agreement, and the reinsurance agreement did not contain any exclusions related to plaintiff's claims, sovereign immunity had been waived).

We hold that the provisions of the Reinsurance Agreement exclude automobile liability and, as such, excess coverage was not available under the circumstances of the instant case. No coverage existed under either the Trust Fund Agreement or the Reinsurance Agreement for plaintiffs' alleged damages, and defendants retained their immunity as to plaintiffs' claims. We hold that the trial court did not err in dismissing plaintiffs' amended complaint, as well as denying their Rule 60 motion.

AFFIRMED.

Judges HUNTER and STEPHENS concur.