An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-616

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

JOHN T. BURNS, Administrator of
the Estate of JONATHAN BEEGLE,
Deceased,
    Plaintiff,

v.

UNION COUNTY BOARD OF EDUCATION,
    Defendant.

North Carolina Industrial
Commission
I.C. File No. TA-22902

Appeal by plaintiff from order entered 8 February 2013 by the North Carolina Industrial Commission. Heard in the Court of Appeals 23 October 2013.

*Tin, Fulton, Walker & Owen, PLLC, by Sam McGee, for plaintiff-appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Alesia Balshakova, for defendant-appellee.*

HUNTER, Robert C., Judge.

Plaintiff John Burns appeals the order issued by the North Carolina Industrial Commission dismissing with prejudice his complaint for lack of jurisdiction pursuant to N.C. Gen. Stat. § 143-300.1. On appeal, plaintiff argues that the Industrial

Commission erred by granting defendant's motion to dismiss. After careful review, we agree and reverse the Industrial Commission's order and remand for hearing.

**Background**

On 23 April 2010, a few minutes before 6:50 a.m., Jonathan Beegle ("decedent"), who was seven years old, was waiting for the Union County school bus to pick him up for school. Decedent was waiting on the east side of Medlin Road in Union County about six to ten feet from the roadway. Medlin Road is a two-lane highway with a speed limit of 55 miles per hour. At approximately 6:50 a.m., the bus, driven by Henry Collins ("Mr. Collins"), was travelling southbound on Medlin Road. Mr. Collins, with the caution lights flashing, brought the school bus to a stop on the west side of Medlin Road directly across from where decedent was standing. As decedent began to cross the street, a vehicle driven by a third party, Dwayne Thomas, was traveling northbound towards the stopped school bus. Before decedent could reach the bus, he was struck by Dwayne Thomas's vehicle. Decedent died later that day as a result of the trauma suffered in the accident.

On 8 February 2012, plaintiff filed a Tort Claim Affidavit pursuant to N.C. Gen. Stat. § 143-300.1 with the Industrial

Commission. In the section of the affidavit where a claimant is required to briefly give a statement of the events that led to the injury, the affidavit alleged that:

> The Defendant Union County Board of Education is directly liable for the negligence of its employees in the designing of a bus route that required a 7 year old boy to cross a 55mph highway in pre-dawn hours in order to board a school bus; and in locating a bus stop in a place where there could only be improper and insufficient warning for oncoming vehicles approaching the bus stop; and in failing to properly train and/or supervise the bus driver Henry C. Collins. The UCBOE is vicariously liable for any negligence of Henry C. Collins. As a result of this negligence, 7 Year old Jonathan Beegle was struck by an oncoming van while trying to board his school bus, while crossing Medlin Road at approximately 6:50 A.M.

Plaintiff identified the negligent employees in his affidavit as Ed Davis, Superintendent of UCBOE; Denise Patterson, Assistant Superintendent of UCBOE; and other unknown employees responsible for the safe transportation of students.

On 12 March 2012, defendant filed a motion to dismiss pursuant to North Carolina Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Following a hearing, Deputy Commissioner J. Brad Donovan entered an order dismissing plaintiff's claim due to lack of jurisdiction. Plaintiff then appealed to the Full Commission. After a hearing in front of

the Full Commission on 8 February 2013, the Full Commission entered an order, with one Commissioner dissenting, denying plaintiff's motion to amend his affidavit and dismissing plaintiff's complaint for lack of jurisdiction. Specifically, while acknowledging that N.C. Gen. Stat. § 143-297 does not require strict adherence to formal rules of pleading, the Full Commission concluded it lacked jurisdiction for two primary reasons. First, it found that N.C. Gen. Stat. § 143-300.1(a) limits liability of a county school board to negligent acts by certain employees: maintenance personnel, the school bus driver, the transportation safety assistant, and the monitor of a public school bus. Because plaintiff's claim did not allege negligence by any of these specific employees, the Industrial Commission lacked jurisdiction. Second, the Full Commission concluded that the affidavit contained no allegations of an unsafe operation of the bus due to mechanical reasons or other defects, another requirement for jurisdiction; instead, it was limited to allegations of negligence by the school in the planning and design of the bus routes.

Plaintiff timely appealed to this Court on 4 March 2013.

**Argument**

Plaintiff argues that the Industrial Commission erred by

granting defendant's motion to dismiss for lack of jurisdiction because the Industrial Commission was the proper forum to bring the claim.  We agree.

"Our review of a motion to dismiss under Rule 12(b)(1) of the North Carolina Rules of Civil Procedure is *de novo*.  Under a *de novo* review, the [C]ourt considers the matter anew and freely substitutes its own judgment for that of the [trial court]." *Peninsula Prop. Owners Ass'n v. Crescent Res., LLC*, 171 N.C. App. 89, 92, 614 S.E.2d 351, 353 (2005) (internal citations and quotation marks omitted).  "The standard of review of the trial court's decision to grant a motion to dismiss under Rule 12(b)(2) is whether the record contains evidence that would support the court's determination that the exercise of jurisdiction over defendants would be inappropriate."  *Stacy v. Merrill*, 191 N.C. App. 131, 134, 664 S.E.2d 565, 567 (2008).

This action is governed by N.C. Gen. Stat. § 143-300.1(a) (2013) which states, in pertinent part, that the Industrial Commission has jurisdiction to adjudicate tort claims against a county board of education which:

> arise as a result of any alleged mechanical defects or other defects which may affect the safe operation of a public school bus or school transportation service vehicle resulting from an alleged negligent act of maintenance personnel or as a result of any

alleged negligent act or omission of the driver, transportation safety assistant, or monitor of a public school bus or school transportation service vehicle[.]

Procedurally, pursuant to N.C. Gen. Stat. § 143-297 (2013), a claimant filing an action under N.C. Gen. Stat. § 143-300.1 must file an affidavit with the Industrial Commission which includes, among other things, "the name of the State employee upon whose alleged negligence the claim is based" and "[a] brief statement of the facts and circumstances surrounding the injury and giving rise to the claim." "Adherence to formal rules of pleading is not required but the claim [made pursuant to N.C. Gen. Stat. § 143-297] should state facts sufficient to identify the agent or employee and a brief statement of the negligent act that caused the injury." *Turner v. Gastonia City Bd. of Ed.*, 250 N.C. 456, 460, 109 S.E.2d 211, 214 (1959).

In the present case, plaintiff filed this claim with both the Industrial Commission and in Superior Court. However, "there cannot be concurrent jurisdiction: if a plaintiff's claim against a Board of Education falls within the scope of N.C. Gen. Stat. § 143-300.1, then N. C. Gen. Stat. § 115C-42 excludes the claim from the waiver of immunity." *Stacy*, 191 N.C. App. at 135, 664 S.E.2d at 567-68. Thus, the issue is whether plaintiff's affidavit demonstrated that the Industrial

Commission had jurisdiction over plaintiff's action pursuant to N.C. Gen. Stat. § 143-300.1 .

In interpreting the scope of N.C. Gen. Stat. § 143-300.1, this Court, in a dissent adopted *per curiam* by our Supreme Court, *see Newgent v. Buncombe Bd. Of Ed.*, 340 N.C. 100, 455 S.E.2d 157 (1995), held that the Legislature did not intend for N.C. Gen. Stat. § 143-300.1 "to preclude the Industrial Commission from hearing tort claims wherein certain alleged negligent acts or omissions arose out of, and were inseparably connected to, events occurring at the time a school bus driver was operating the bus in the course of her employment." *Newgent v. Buncombe Bd. Of Ed.*, 114 N.C. App. 407, 409, 442 S.E.2d 158, 159 (1994). There, the plaintiff alleged that the school bus driver failed to inform the decedent's parents and the school principal that she had seen the decedent cross the road by himself prior to the accident and that the driver altered her route in a way that increased the risk of danger to the decedent. *Id*. at 410, 442 S.E.2d at 160. Similarly, in *Stacy*, 191 N.C. App. at 135-36, 664 S.E.2d at 568, this Court concluded that a plaintiff's affidavit alleged facts that fell within the scope of N.C. Gen. Stat. § 143-300.1 by claiming that the driver was driving too fast and should have stopped the bus when he saw

children riding bicycles on the road.

Here, while plaintiff's affidavit does not contain the same amount of detail regarding Mr. Collins's alleged negligence, the facts averred identify Mr. Collins as one of the employees on whose behalf defendant may be liable under § 143-300.1(a) in plaintiff's statement of the facts that led to the injury. Moreover, the affidavit suggests that Mr. Collins's own negligence may have resulted in decedent's death. Specifically, the affidavit states that: "The UCBOE is vicariously liable for any negligence of Henry C. Collins. As a result of this negligence, 7 year old Jonathan Beegle was struck by an oncoming van while trying to board his school bus[.]" While we agree with defendant that a great deal of the affidavit focuses on alleged negligence in the design and planning of school bus routes, which plaintiff admitted at the hearing (plaintiff stated that this case was "largely a negligent design case"), plaintiff also argued at the hearing on defendant's motion that Mr. Collins own negligence may have included his failure to turn on his flashers 300 feet before the stop, which is a requirement for school bus drivers. Therefore, plaintiff's alleged claims arose out of and were connected to events at the time of the accident. Since our Courts have stated that liberal rules of

pleading are allowed in this type of action, the affidavit's reference to Mr. Collins and his possible negligence along with plaintiff's argument at the hearing were sufficient to defeat defendant's motion to dismiss. Thus, the record contained evidence that would support the Industrial Commission's exercise of jurisdiction over the action, and the Industrial Commission erred in granting defendant's motion to dismiss for lack of jurisdiction.

While defendant argues on appeal that the motion to dismiss was also properly granted based on Rule 12(b)(6), an issue which it raised in its motion to dismiss, the Industrial Commission did not rule on this issue; instead, it only addressed defendant's motion to dismiss based on lack of jurisdiction under Rule 12(b)(1) and (2). Therefore, we will not consider this argument on appeal. *See Tohato, Inc. v. Pinewild Mgmt., Inc.*, 128 N.C. App. 386, 390, 496 S.E.2d 800, 803 (1998) (noting that this Court "will not consider arguments based upon issues which were not presented or adjudicated by the trial tribunal").

### Conclusion

Based on the foregoing reasons, we reverse the Industrial Commission's order dismissing plaintiff's action and remand for hearing.

REVERSED AND REMANDED.

Judges CALABRIA and ROBERT N. HUNTER, JR. concur.

Report per Rule 30(e).